Action by Henry Allen Johnson and others, each and all minors, by their next friend, Ernest Johnson, against H.L. Mills, trading and doing business under the firm name of Mills Construction Company, for damages resulting from operation of defendant's truck. From an adverse judgment, plaintiffs appeal.
Judgment affirmed.
The appeal in this case presents the question of liability, on the part of an owner of a motor vehicle, for damages done by an operator thereof.
An action was brought against appellee for damages sustained by the operation of appellee's truck while operated by his agent and servant. In a second count, it was charged that the truck was operated by the same person (McDaniel) with appellee's knowledge and consent.
Pleas were filed denying that McDaniel operated the truck as the agent and servant and also denied that the operation was with appellee's knowledge and consent. *Page 907 
Appellants' evidence disclosed that McDaniel, the operator of the truck, had been working for appellee only about two weeks. He was employed as a truck driver to work five and one-half days per week — getting off at noon on Saturday until the following Monday morning. He was granted permission to use a small delivery truck when off duty. On the Sunday when this accident occurred he had been visiting a friend of his and was using the small delivery truck. While on the visit the truck became stuck in the sand. McDaniel decided to go to appellee's place, get the large truck (which he had been accustomed to drive during his work week) and use it to pull the small truck out of the sand. Thereupon he entered appellee's premises, without appellee's knowledge or consent, took the large truck and proceeded to the place where the small truck was stuck. While en route this injury occurred.
The trial court held there was insufficient evidence to take the case to the jury. We find no error in the judgment of the trial court. McDaniel had no key to the large truck. It was not locked as it had a compression diesel engine which required no switch key. McDaniel consulted with no one about taking the large truck. There was no reason to suppose or suspect that McDaniel would return to the premises on Sunday and use the truck. At that time and place he was no more than a stranger to appellee. This had never happened before and there was no reason to suppose that express permission would have been granted had appellee been consulted. We find no circumstance to imply consent of appellee and certainly at that time and place the relationship of agent and servant was entirely absent.
Appellant relies upon the case of Hastings v. Taylor, 130 Fla. 249, 177 So. 621, holding that proof of ownership of the vehicle is prima facie evidence that the driver is the agent and servant of the owner, or was using same with the owner's consent. This case does not rule the case at bar. This presumption is a rebuttable one. In the case at bar, we are not left to an inference or presumption. The uncontradicted evidence shows that McDaniel was operating the truck which caused the injury without the owner's consent and that he, in no way, was acting as an agent or servant of appellee when the injury occurred. When this evidence was presented the presumption vanished from the case. See Vol. 9 Blashfield, Cyclopedia of Automobile Law and Practice, Part 2, § 6064.
The judgment is affirmed.
THOMAS, C.J., and BARNS and HOBSON, JJ., concur.