SEBRING, Justice.
Babijuice Corporation, the defendant below, employed one Holt as a night watchman to protect its citrus packing plant. Holt’s duties required him to stay on the premises and prevent the removal or molestation of defendant’s property. According to the record Holt was not authorized to drive defendant’s motor vehicles, tie did not have a driver’s license, had been refused employment as a truck driver, and *66 was not supposed to drive defendant’s trucks other than when absolutely necessary to move them from one place to another in the parking- area.
One night Holt, without the express or implied permission of the defendant, took one of defendant’s trucks from the parking area and drove from the premises on a personal mission. While traveling down the highway he collided with a motor vehicle in which one Sykes was riding, causing injuries to Sykes from which he died.
The complaint in the instant case was filed by Sykes’ father against Babijuice Corporation to recover damages for the negligence of Holt in operating the motor vehicle owned by the defendant. The answer filed by the defendant denied, among other things, that Holt was acting as the agent for the defendant at the time of the accident or that he had any authority to> use defendant’s motor vehicle on the highway. At the conclusion of the trial the jury returned a verdict for the plaintiff. Subsequently the verdict was set aside and a directed verdict for the defendant was entered. This appeal is from the final judgment entered upon the directed verdict.
The basic issue for determination is whether under the facts stated the defendant may be held liable in damages for the alleged negligent acts of the nightwatchman Holt.
We find no error in the judgment appealed from. It is plain that Holt was not acting within the scope of his employment when he took the defendant’s truck from the premises. It is plain, moreover, that Holt was not using the motor vehicle at the time of the accident with defendant’s knowledge or consent, express or implied. There is no showing that prior to the accident 'Holt had ever taken a motor vehicle of the defendant from the parking area and operated it on the highway with the knowledge of the defendant, thereby raising any question of agency by acquiescence. After giving full consideration to the records and briefs, we are unable to find any theory upon which recovery in favor of the plaintiff could have been sustained. See Johnson v. Mills, Fla., 37 So.2d 906.
Accordingly, the judgment appealed from should be affirmed.
It is so ordered.
HOBSON, C. J., and THOMAS, ROBERTS, MATHEWS *and DREW, JJ., concur.
TERRELL, J., dissents.