ALLEN, Judge.
This is an appeal from a judgment entered in favor of the Azzarelli Construction Company, Inc., a Florida corporation, upon a directed verdict in its favor by the trial judge.
Margaret Hudson, the appellant, was the plaintiff below and brought an action in the Circuit Court of Hillsborough County against the appellees, defendants below, Junior G. Smith and Azzarelli Construction Company, Inc. Smith was employed by Azzarelli Construction at the time of the injury to the plaintiff, Margaret Hudson.
The sole question involved in this appeal, as it was in the trial below, was whether Smith was authorized by his employer to use the motor vehicle at the time the plaintiff was injured.
Smith testified that on the particular day that the plaintiff was injured he had already quit work when he took the truck, approximately one hour later, and that Mr. Howell, the foreman, told him he could not take the truck. Smith had given other testimony to the effect that he was employed to drive trucks and do anything else on the job that his employer required. On occasions he had been authorized to use a truck to move some of his possessions. On recross examination Smith stated:
“Q. Mr. Smith, this particular truck that you took that night had not been entrusted to you that day, had it? A. Hadn’t been what?
“Q. It hadn’t been given to you that day, had it? A. I drove any of them, whichever one they told me to drive.
“Q. But it hadn’t been entrusted to you to take home ? A. Oh, no, no sir.
“Q. You. only took it home if somebody gave you permission to do it? A. That’s right.
“Q. You weren’t taking the truck home that night? A. No sir, I was taking it to the shop and then I was going to walk on home. I only live about three blocks from the shop.”
The appellant argues that it was a presumption that Smith was authorized to use the truck in question.
Section 51.12, F.S.A., provides that in an action brought by a person for damages sustained by reason of a negligent operation of a motor vehicle by a person other than the owner, that the plaintiff shall only be required to prove the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation to establish a presumption of liability of the owner for such negligent acts of the driver. This presumption, however, is subj ect to rebuttal.
The plaintiff elected to place Smith on the stand for the purpose of proving the liability of the owner of the vehicle. Since Smith’s testimony shows that he was not authorized to use the truck in question, and was actually .refused permission to use the truck, this will nullify the effect of the statute and will leave the plaintiff without proof as to the authority of Smith to use his employer’s truck at the time in question.
It has been held by the Florida Supreme Court in the case of Johnson v. Mills, Fla.1948, 37 So.2d 906, that the presumption that a driver of a motor vehicle was using the vehicle with the owner’s consent so as to render the owner liable was rebuttable and vanished from the case when uncon-tradicted evidence showed the driver was operating the owner’s vehicle without his consent and was in no way acting as agent *452 or servant of the owner when the injury occurred.
This rule of the vanishing presumption so used in the above case was similar to the statutory presumption of liability in railroad cases, such as the situation when the railroad adduces substantial evidence that its employees were not negligent causing the presumption to vanish. See Powell v. American Sumatra Tobacco Co., 154 Fla. 227, 17 So.2d 391; and Atlantic Coast Line R. Co. v. Voss, 136 Fla. 32, 186 So. 199.
In the case of Johnson v. Mills, supra, the evidence showed that when a small truck, which the employee was using with the employer’s permission while off duty, became stuck in the sand and the employee, without the employer’s knowledge or consent, obtained from the employer’s premises a large truck, which the employee drove during the work week, to pull the small truck out of the sand, but was deemed insufficient to raise an issue for the jury as to the employer’s liability to three persons for negligent operation of the large truck, either on the ground that it was being operated by the owner’s agent and servant or with the owner’s knowledge and consent. In this case the Supreme Court said:
“The trial court held there was insufficient evidence to take the case to the jury. We find no error in the judgment of the trial court. McDaniel [the employee] had no key to the large truck. It was not locked as it had a compression diesel engine which required no switch key. McDaniel consulted with no one about taking the large truck. There was no reason to suppose or suspect that McDaniel would return to the premises on Sunday and use the truck. At that time and place he was no more than a stranger to appellee. This had never happened before and there was no reason to suppose that express permission would have been granted had appellee been consulted. We find no circumstance to imply consent of appellee and certainly at that time and place the relationship of agent and servant was entirely absent.” [37 So.2d 907.]
In the instant case Smith took the truck without the knowledge and against the permission of his employer so, in the absence of testimony contrary to that of Smith, the lower court was correct in granting a directed verdict for Smith’s employer.
Affirmed.
SHANNON, C. J., and WHITE, J., concur.