156 So.2d 775 (1963)
Ruth S. KELLER and her husband, Frederic W. Keller, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, and Harold Miller, Appellees.
No. 63-43.
District Court of Appeal of Florida. Third District.
October 8, 1963.
Rehearing Denied October 29, 1963.
*776 Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellants.
Scott, McCarthy, Preston & Steel and George W. Wright, Jr., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellees.
Before HORTON, TILLMAN PEARSON, and HENDRY, JJ.
HORTON, Judge.
The plaintiffs appeal from a summary final judgment in favor of the defendant, Florida Power & Light Company, in a personal injury action arising out of an intersectional accident.
On June 22, 1962, at approximately 6:30 p.m., appellant, Frederic W. Keller, with his wife as a passenger, was operating his car in a northerly direction on N.W. 62nd Avenue at N.W. 3rd Street, when it was struck by a Florida Power & Light Company truck being operated by a company employee, Harold Miller. Appellants brought this action seeking recovery for injuries allegedly sustained as a result of this accident.
Florida Power & Light Company (hereafter referred to as the Company) moved for summary judgment relying upon certain supporting depositions. The trial court granted the motion and entered summary final judgment in its favor. The court by its judgment found:
"[T]hat as a matter of law the Defendant, HAROLD MILLER, was driving the truck involved in the accident, out of which this case arose, outside the scope of his employment and without the knowledge or consent of the Defendant, FLORIDA POWER AND LIGHT COMPANY, and it is therefore,
"ORDERED AND ADJUDGED that the Defendant, FLORIDA POWER AND LIGHT COMPANY'S Motion for Summary Judgment be and the same is hereby granted and this cause is finally dismissed as to the Defendant, FLORIDA POWER AND LIGHT COMPANY, with its costs to be taxed against the Plaintiffs."
The record reveals that Miller, at the time of the accident, was employed by the Company as a truck service man, stationed at the Company's southwest distribution yard. His duties included servicing the Company's trucks and delivering materials by truck during the day to crews working in the field. He was not authorized, and there were no occasions requiring him, to drive a company vehicle out of the yard after the crews went off duty at 4:30 p.m.
The record further reflects that on one occasion, about a week prior to the accident, Miller was allegedly given special permission by an assistant supervisor to use a company truck to carry home some old crossarms, and on several occasions, while on duty at the yard between 5:00 p.m. and 8:00 p.m., Miller had driven a company truck around the corner to get something to eat, without express permission to do so. A long-standing rule of the Company prohibited such practices; in fact, employees were not permitted to use company vehicles for any personal matters.
On the date of the subject accident, Miller, without the knowledge or consent of the Company, took the truck and departed for the home of a friend, where he picked up a wheelbarrow intending to take it home for his personal use. The accident occurred while Miller was en route back to the yard.
It is unnecessary on this appeal to discuss the application of the doctrine of respondeat superior. The trial court found that Miller was outside the scope of his employment at the time and place of the accident *777 and appellants have not chosen to pursue this theory.
Appellants' sole contention is that on these facts a jury could have concluded that the Company entrusted Miller with the care and custody of the trucks and clothed him with the authority to use them. Consequently the Company was responsible as owner of the vehicle, under the dangerous instrumentality doctrine, for Miller's alleged negligence and the summary judgment should be reversed. We disagree.
Appellants correctly cite the rule that the record on this appeal from the summary judgment must be read in a light most favorable to them and all permissible inferences must be drawn in their favor. However, even so viewed, we conclude that the trial court was eminently correct in granting the summary judgment in the Company's favor.
We recognize that under the law of this state, an owner who gives his express or implied consent to another to operate his automobile or truck is liable for the negligent operation of it regardless of whether restrictions on the purpose for which the vehicle is to be used are exceeded. Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832; Chase & Co. v. Benefield, Fla. 1953, 64 So.2d 922. However, under the facts and circumstances shown by the record in this case, the above doctrine is inapplicable. This is not a case where Miller had authority or consent to use the truck and merely exceeded that authority. Clearly Miller had no express authority or consent to use the truck outside the yard except upon specific instructions from his superiors and then only to make deliveries to field crews during the daytime. His use of the truck on the evening of the accident was in violation of specific company rules and we can find no circumstances from which the consent of the Company can be implied. See Hudson v. Smith, Fla.App. 1961, 135 So.2d 450; Johnson v. Mills, Fla. 1948, 37 So.2d 906.
The judgment appealed is affirmed.