ALLEN, Chief Judge.
Appellants, plaintiffs below, appeal from a final judgment on a directed verdict for appellee, defendant below.
This negligence case arose out of an automobile accident. The appellants, a minor by her father and next friend, by her father individually, and her mother individually, instituted the suit for injuries sustained by the minor while she was driving a vehicle owned by her mother. The ap-pellee is the owner of the car that hit appellant. The sole occupant and driver of appellee’s car on the night of the accident, December 25, 1963, was one Kenneth Boyce.
The lower court found, as a matter of law, that Kenneth Boyce was driving the appellee’s car, at the time of the collision, without her permission. The judge’s dialogue with counsel during the motion for directed verdict showed: (1) there was no testimony on this particular occasion that Kenneth Boyce had the permission of Mrs. Harding (appellee) to use her car, and (2) if there were implied consent derived from past conduct, it was terminated by the owner simply saying “no” on the night in question, when Boyce asked to use the car.
The appellants argue that Section 51.12, Florida Statutes, F.S.A., provides for a presumption that the driver of a vehicle is driving the vehicle with the permission of the owner and cites a case decided by this court, Hudson v. Smith, Fla.App.1961, 135 So.2d 450, as authority for the proposition that this presumption can be overcome by *574 clear, positive, uncontroverted, uncontra-dicted and creditable evidence.
In Hudson, supra, a directed verdict was given for the defendant-owner. We held that a presumption, that the driver was authorized by his employer to use the motor vehicle at the time that the plaintiff was injured, vanished when the driver testified he was not authorized to use the truck in question and actually had been refused permission to use same. The sole question involved in the appeal, as in the trial below, was whether Smith was authorized by his employer to use the motor vehicle at the time the plaintiff was injured. In our opinion, page 451, we said:
“It has been held by the Florida Supreme Court in the case of Johnson v. Mills, Fla.1948, 37 So.2d 906, that the presumption that a driver of a motor vehicle was using the vehicle with the •owner’s consent so as to render the •owner liable was rebuttable and vanished from the case when uncontra-dicted evidence showed the driver.was •operating the owner’s vehicle without bis consent and was in n,o way acting as agent or servant of the owner when the injury occurred.
■« * * *
“ In the instant • case Smith took the •truck without the knowledge and against the permission of his employer so, in the absence of testimony contrary to that of Smith, the lower court was correct in granting a directed verdict for Smith’s employer.”
In the instant case the testimony showed that Boyce had used the car on other occasions ; also that on the night of the injury Boyce had asked Mrs. Harding for the two of them to deliver Christmas presents. The defendant Harding said no, she didn’t feel like going that evening and would possibly go the next day. Boyce requested the keys to the car to go alone but the defendant again said no, to wait until tomorrow. Subsequently, Boyce got the keys without the knowledge of Mrs. Harding. Boyce also testified that on the night in question he did not have permission to use the car.
In Pemberton v. Morris Fertilizer Co., 287 F. 517 (5th Cir. 1923), the Court of Appeals decided a case, originating in Florida, bn facts very similar to those in the instant case. The Court said:
“In our opinion, the District Judge was right. It is undisputed that Compton [the driver] was using the automobile for purposes of his own, and not in the company’s business. It is not contended that he had express permission to use it. The utmost claimed is that by custom he was permitted to use it; but the evidence does not sustain even the latter theory. The testimony of plaintiff’s witnesses is entirely consistent with testimony for the defendant to the effect that Compton never had used the automobile for purposes of his own before the'-occasion in question. Turner’s testimony, that Compton used it whenever he wanted to, is a mere guess, as it purports to be, and cannot prevail as against positive testimony to the contrary.
“The owner’s authority, express or implied, is essential to his liability. * * ”
For various similar cases, see Keller v. Florida Light & Power Co., Fla.App.1963, 156 So.2d 775; and Johnson v. Mills, Fla. 1948, 37 So.2d 906.
We find no impeachment of the testimony of Mrs. Harding or of Kenneth Boyce that Boyce was refused permission to use the car in question on the night that the minor plaintiff was injured.
The lower court’s action in directing a verdict is affirmed.
SHANNON, J., and DOWNEY, JAMES C., Associate Judge, concur.