RAWLS, Judge.
The plaintiffs appeal from adverse summary final judgment dismissing their complaints in a truck-bicycle accident case.
The plaintiffs’ point on this appeal is: Whether or not the court erred in granting defendant’s motion for summary judgment and ruling as a matter of law that there was no issue as to any material fact.
On Saturday, November 16, 1968, Earl Lee Hooper, a plumber employed by Parker Mechanical Constructors, Inc. found that there were no brakes on his personal truck. It was a nonworking day, and he knew the Parker brothers, owners of the company, were out of town. Although he and other employees had been instructed many times at the regular Friday company meetings not to use company equipment or vehicles for personal use without special permission, he nevertheless, without permission, went to the company plant, unlocked the gate, took the truck which he normally used when working, and drove it in conducting his personal affairs. Hooper carried a key to the company yard to use for emergency after-hour jobs, but the keys to the company’s 12 to 15 vehicles were left in the vehicles which were kept after working hours locked in a chain-link fenced enclosure. The accident occurred when Hooper was returning the company truck after he had drunk about of a half-pint of whiskey.
The injured boys and their fathers brought these actions against Parker Mechanical, as owner of the truck. The trial judge, finding that the employee Hooper was driving the truck for his own personal use without the knowledge or consent of the defendant-owner, entered summary final judgment for the defendant.
The landmark case, Southern Cotton Oil Co. v. Anderson [1] held that a master was liable for the negligence of a servant while operating the master’s car, a dangerous instrumentality, with the express or implied consent of the owner, even though the servant was attending to a purely personal matter. The reasoning given by our Supreme Court in announcing this rule was, “In intrusting the servant with this highly dangerous agency, the master put it in the servant’s power to mismanage it * * * ” In denying the petition for rehearing the Supreme Court stated that the owner is liable for negligence within the scope of the servant’s authority even though it is not within the scope of his employment.
Since the pronouncement of this landmark decision a number of cases have turned upon the issue of express or implied consent of the owner. Implied consent has often been imputed to the owner who has entrusted a vehicle to the custody of an employee. Thus, where an employer expressly entrusts the servant with custody of a vehicle during nonworking hours, the employer is liable for its negligent use although such use is contrary to express in *761 structions prohibiting the employee’s personal use of the vehicle.[2] Furthermore, both this Court and the Supreme Court have held that where an employer has expressly entrusted custody of a motor vehicle to an employee for his personal use after working hours, the owner-employer is liable for the negligence of a third person who drives the vehicle, unless it can be shown that there is a breach of custody amounting to a species of theft or conversion for which the owner is not liable.[3] In these cases the basis of the owner’s liability is that where original entrustment is shown to exist, liability thus imposed on the owner will not be altered because of a departure beyond the scope of authority.[4]
A different situation exists where the owner does not entrust his vehicle to his employee’s custody but instead keeps it at his place of business, and during nonworking hours an employee without authorization takes it and by his negligent operation thereof causes injuries to another. Such was the case in Hankerson v. Wilcox[5] wherein employee Wilcox, without permission, went to the company plant on Sunday, took the keys to the truck from under the floormat, and while driving on his own personal business negligently injured another. There it was held that the owner was not liable because the vehicle was driven without the owner’s consent, express or implied.
The Supreme Court of Florida has held that the employer’s consent for the employee to have the use and custody of one vehicle after working hours does not give implied consent for him to use another vehicle. In Johnson v. Mills[6] the employee was entrusted with custody of a small truck. On a Sunday while visiting a friend the truck became stuck in sand. The employee, without his employer’s knowledge or consent, went to the employer’s premises, got a large truck (which the employee was accustomed to driving during his work week) to pull the small truck out of the sand, and the accident occurred while he was enroute to the place where the truck was stuck. It was held that the owner was not liable.
Since the uncontradicted facts in the case sub judice reflect an absence of either express consent or original entrustment upon which to base implied consent, we hold that the owner is not liable for appellants’ injuries.
The judgments appealed are affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (Fla.1920).

. Chase & Co. v. Benefield, 04 So.2d 922 (Fla.1953), and eases cited therein.

. Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969) ; I’earson v. St. Paul Fire & Marine Ins. Co., 187 So.2d 343 (Fla.App.lst 1900), and Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959).

. American Fire & Casualty Company v. Blanton, 182 So.2d 36 (Fla.App.lst 1966).

. Hankerson v. Wilcox, 173 So.2d 747 (Fla.App.3d 1965). See also Keller v. Florida Power & Light Co., 156 So.2d 775 (Fla.App.3d 1963).

. Johnson v. Mills, 37 So.2d 906, 907 (Fla. 1948). See also Sykes v. Babijuice Corp., 63 So.2d 65 (Fla.1953).