SACK, MARTIN, Associate Judge.
This is an appeal by the plaintiff in the court below from a final summary judgment in favor of the defendant, Fincher Motors, Inc.
The complaint sought to charge Fincher Motors, Inc., with vicarious liability, as the owner of the automobile driven by the co-defendant James Ross, one of its employees, resulting in an accident, causing injury to the plaintiff.
The facts as disclosed by the uncontra-dicted deposition of Ross, show that Ross was employed by Fincher Motors, Inc., as a porter, although one of his duties was moving loaner automobiles in and about the premises of Fincher Motors, Inc., or from the street on to such premises. On the Saturday morning of the day in question, Ross showed up for work to perform his duties as porter at 8:00 a. m., but the shop was not open for business. Someone brought in a loaner vehicle, leaving the keys in the car and Ross proceeded to take the car to pick up a sandwich, becoming involved in the accident on his return to the Fincher premises. Ross had no permission from anyone to use the car this particular morning, and in fact had long standing instructions over a period of ten years, never to take a car off the premises. Moreover, he had lost his driver’s license many years before, and it had not been restored.
Appellant contends that, notwithstanding, a jury could infer that Ross had implied consent within the meaning of the opinion of the Supreme Court of Florida in Thomas v. Atlantic Associates, Inc., (1969), 226 So.2d 100, holding that the term “implied permission” can only be negated upon a breach of custody amounting to a species of conversion or theft. However, a “species of conversion” does not necessarily require a total deprivation of ownership or possession, but would include a temporary appropriation of possession without the express or implied consent of the owner. On its facts this case is controlled by Sykes v. Babijuice Corp., 63 So.2d 65, (Supreme Court of Florida, 1963), and our holding in Ivey v. National Fisheries, Inc., (1968), 215 So.2d 74, where we said:
“Unauthorized use of an auto has been held to include those situations wherein the employer’s permission to use the vehicle extended only to the immediate business premises and the tort occurred outside this boundary. Therefore, that fact served to preclude the employer’s liability. Sykes v. Babijuice Corp., Fla.1953, 63 So.2d 65; Keller v. Florida Power & Light Co., Fla.App.1963, 156 So.2d 775.”
*524 We agree with the trial judge that a jury could not infer implied permission or a species of conversion from the facts in this case.
The remaining assignments of error have been examined and found to be without merit.
Accordingly, the judgment appealed from is affirmed.