382 So.2d 883 (1980)
Irwin SLITKIN, Appellant,
v.
AVIS RENT A CAR SYSTEM, INC., Appellee.
No. 79-1904.
District Court of Appeal of Florida, Third District.
April 29, 1980.
Elliot L. Miller, Miami, for appellant.
Robert L. Dube, Richard M. Gale, Miami, for appellee.
Before SCHWARTZ and PEARSON, DANIEL, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
PEARSON, DANIEL, Judge.
An automobile admittedly owned by Avis Rent A Car System, Inc. (Avis) crashed into Mr. Slitkin's house and his car parked in the driveway. The offending vehicle remained, but the unidentified driver chose not to and fled.
Slitkin sued Avis for damages alleging that the Avis automobile was operated by its authorized agent and with its consent.[1] Avis denied this.
At trial Slitkin proved only the occurrence of the accident and the damage which ensued. No proof was submitted to show that the unknown driver was operating the Avis vehicle as its agent or with its consent. The trial court directed a verdict in favor of Avis.
While the owner of an automobile is liable for the negligent operation of the automobile by a person driving it with the owner's knowledge and consent, the burden of proving such knowledge and consent is upon the plaintiff.[2]Pearson v. St. Paul Fire & Marine Insurance Co., 187 So.2d 343 (Fla. 1st DCA 1966). Slitkin failed to satisfy this burden.
Accordingly, the judgment of the trial court is affirmed.
NOTES
[1] The plaintiff neither alleged nor proved that Avis' responsibility stemmed from circumstances such as leaving the vehicle unattended with the key to the ignition in the vehicle. See, e.g., Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1978).
[2] Plaintiff's argument that the burden is upon the defendant to establish that the vehicle was being operated without its consent comes thirteen years too late. Former Section 51.12, Florida Statutes, which made non-consent an affirmative defense, was repealed by Chapter 67-254, § 49, Laws of Florida.