409 So.2d 50 (1981)
COMMERCIAL CARRIER CORPORATION, Appellant,
v.
S.J.G. CORPORATION, d/b/a Holiday Rent-a-Car, Douglas Kenney & Jack Strickland, Appellees.
No. 81-6.
District Court of Appeal of Florida, Second District.
December 23, 1981.
Rehearing Denied January 29, 1982.
*51 Michael S. Rywant of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellees.
BOARDMAN, Acting Chief Judge.
Commercial Carrier Corporation, plaintiff in the trial court, appeals a final judgment awarding judgment on the pleadings in favor of appellee S.J.G. Corporation, one of the defendants. We affirm.
The allegations in appellant's complaint, which we take to be true for the purposes of this appeal, are that defendant/appellee Douglas Kenney rented a car from S.J.G. Corporation and left it unattended with the keys in the ignition, and that defendant/appellee Jack Strickland stole it and subsequently negligently collided with a truck owned by appellant.
Appellant seeks to hold S.J.G. Corporation liable for its damages under either of two theories.
The first theory is negligence per se, predicated on Section 316.1975, Florida Statutes (1979), which provides in pertinent part: "No person driving or in charge of any motor vehicle except a licensed delivery truck or other delivery vehicle while making deliveries, shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key." Because statutes such as this are deemed to impose a standard of strict liability and violation of such a statute is considered negligence per se, deJesus v. Seaboard Coast Line R. Co., 281 So.2d 198 (Fla. 1973), violation of this statute by a car rental agency was held to give rise to a cause of action against the rental agency in Vining v. Avis Rent-a-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); however, we are not willing to extend the Vining doctrine.
In Vining, the rental agency was not only the owner of the vehicle, but the violator of the statute as well. Here, in contrast, it was Kenney, S.J.G. Corporation's lessee, who committed the negligent act which constituted the statutory violation. We are not aware of any case, either in Florida or in any other state, and none has been cited to us by appellant, which has imposed liability on an automobile owner under these circumstances, and we see no justification for doing so here. While Kenney may well be liable to appellant by virtue of his alleged violation of section 316.1975, S.J.G. Corporation is not.
In Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976), our supreme court recognized the general rule that "though a person's negligence is a cause in fact of another's loss, he will not be liable if an act unforeseeable to him and independent of his negligence intervenes to also cause the loss." Id. at 177. However, the court held that that foreseeability which is essential to create a duty in negligence may exist if a criminal act is sufficiently foreseeable that a reasonable man would realize that the criminal act in conjunction with the person's negligence will result in a loss.
On the other hand, in Sykes v. Babijuice Corp., 63 So.2d 65 (Fla. 1953), the corporate owner was held not liable for damages arising out of the use on the highway of one of its trucks by the night watchman, who had been expressly instructed not to drive the company's trucks off the premises. The court noted that there was no evidence that the watchman had ever violated these instructions before.
We find Nicholas and Sykes instructive. We believe it foreseeable to anyone old enough to obtain a driver's license that his car will very likely be stolen if he leaves it standing unlocked and unattended with the keys in the ignition. We do not consider it reasonably foreseeable by S.J.G. Corporation that Kenney, its lessee, would be likely to leave the keys in the car. There is no allegation that S.J.G. Corporation had knowledge that Kenney had done this before.
*52 The alternative theory under which appellant seeks to hold S.J.G. Corporation liable is the dangerous instrumentality doctrine. This doctrine was adopted in Florida in the early case of Southern Cotton Oil v. Anderson, 80 Fla. 441, 86 So. 629 (Fla. 1920), which held that an owner who entrusts a motor vehicle to another to operate on the public highways is liable for injury caused to others by negligent use of the vehicle by the person to whom the motor vehicle was entrusted. However, the court emphasized the obvious fact that automobiles are not dangerous per se, but are dangerous only while in operation. In Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947), the court explained that the key to the invocation of the dangerous instrumentality doctrine is that the owner of the automobile has authorized its use by another person.
The burden of proving the knowledge and consent of the owner is on the plaintiff, Slitkin v. Avis Rent A Car System, Inc., 382 So.2d 883 (Fla. 3d DCA 1980); Pearson v. St. Paul Fire & Marine Insurance Co., 187 So.2d 343 (Fla. 1st DCA 1966), and a species of conversion or theft will relieve an owner of responsibility for the use of an automobile under the dangerous instrumentality doctrine. Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla. 1959); Pearson, supra.
In Pearson, summary judgment in favor of the corporate owner of a company car was affirmed. The company car was furnished for the use of Austin Brown and his wife, who were the only authorized operators of the vehicle. Robert Polk, Brown's brother-in-law, who was visiting the Browns, obtained the keys to the company car from their bedroom while they were asleep, and he used the car to drive to the airport, becoming involved in an accident on the way. Finding that Brown had not given Polk either express or implied consent to use the automobile, the court held that, as to St. Paul, Polk's use of the car constituted a species of conversion.
We conclude that the dangerous instrumentality doctrine, by its terms, is inapplicable here, and we are not inclined to extend that doctrine to cover the circumstances here.
Because we conclude that S.J.G. Corporation is not liable to appellant under either the Vining doctrine or the dangerous instrumentality doctrine, the final judgment in favor of S.J.G. Corporation is AFFIRMED.
DANAHY, J., concurs.
GRIMES, J., dissents with opinion.
GRIMES, Judge, dissenting.
Clearly the car owner, S.J.G., could be held liable for an accident caused by the negligence of its lessee, Douglas Kenney. Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947). Kenney was guilty of negligence per se for leaving the car unattended with the keys in the ignition and subject to liability for the damages to appellant's truck upon proof of proximate cause and the thief's negligence in causing the accident. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). Therefore, I cannot see why S.J.G. is not responsible for this form of Kenney's negligence. I am unimpressed with the suggestion that the dangerous instrumentality doctrine is inapplicable because Kenney's negligence was not in connection with the operation of the car. His negligence was certainly incident to his use of the car.
I respectfully dissent.