445 So.2d 1057 (1984)
UNION AIR CONDITIONING, INC., and the Ohio Casualty Insurance Company, Appellants,
v.
Toni TROXTELL and John Troxtell, Her Husband, Appellees.
No. 83-1726.
District Court of Appeal of Florida, Third District.
February 7, 1984.
Rehearing Denied March 14, 1984.
Anthony Reinert and Debra Kornbluh, Miami, for appellants.
Carl Di Bernardo, Miami, and Walter D. Hanford, Coral Gables, for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Appellant Union Air Conditioning, Inc. appeals from an order granting appellees' motion for summary judgment on the issue of liability. We have jurisdiction, Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, and affirm.
The instant lawsuit arises out of an automobile accident in which appellee Toni Troxtell was seriously injured. Appellant's employee was driving a company truck at the time of the accident. This person had been given permission to drive the truck that day by a second employee who had permission to drive the truck to and from work and to keep the truck at his residence during non-working hours.
We find that the dangerous instrumentality doctrine controls our decision. This doctrine holds that
[t]he principles of the common law do not permit the owner of an instrumentality that is ... peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle ... properly operated when it is by his authority on the public highway.
Susco Car Rental System of Florida v. Leonard, 112 So.2d 832, 836 (Fla. 1959) (citations omitted); Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972); Commercial Carrier Corp. v. S.J.G. Corp., 409 So.2d 50 *1058 (Fla. 2d DCA 1981), rev. denied, 417 So.2d 328 (Fla. 1982); State Farm Mutual Automobile Insurance Co. v. Day Car, Inc., 395 So.2d 179 (Fla. 3d DCA 1980), rev. denied sub nom American Hardware Mut. Ins. Co. v. Contreras, 402 So.2d 607 (Fla. 1981); Langston v. Personal Service Insurance Co., 377 So.2d 993 (Fla. 2d DCA 1979). This doctrine applies even if the lessee/permittee violates explicit instructions by the owner, P & H Vehicle Rental & Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982) (lessee intoxicated, violation of rental agreement); Alford v. Parker's Mechanical Constructors, Inc., 241 So.2d 759 (Fla. 1st DCA 1970) (employee violated employer's express instructions not to use company vehicle for personal use), or if the lessee/permittee allows a third party to drive the owner's vehicle without the owner's permission, State Farm Mutual Automobile Insurance Co. v. Day Car, Inc., supra; Ray v. Earl, 277 So.2d 73 (Fla. 2d DCA), cert. denied, 280 So.2d 685 (Fla. 1973); Ivey v. National Fisheries, Inc., 215 So.2d 74 (Fla. 3d DCA 1968), as in the case at bar. The only two exceptions to the doctrine are when the use of the owner's vehicle amounts to a conversion or theft, Commercial Carrier Corp. v. S.J.G. Corp., supra, or when the vehicle is left with another for repairs or servicing and the owner cannot exercise control over the operation of the vehicle while it is there. Castillo v. Bickley, 363 So.2d 792 (Fla. 1978). Neither exception applies in the instant case. While we appreciate that the dangerous instrumentality doctrine may require what appears to be a harsh result, public policy favors holding the owner liable for damages caused by his vehicle. This is because the owner has the capacity to protect the safety of the public by not relinquishing control of the vehicle to another. Rabideau v. State, 409 So.2d 1045 (Fla. 1982) (Boyd, J. dissenting).
Affirmed.