COWART, Judge.
This case involves the vicarious liability of the owner of a motor vehicle for damages to a third party caused by the negligent operation of the vehicle by a thief who stole it from the owner’s bailee.
Appellee Susan Rogers, the owner, delivered possession of her automobile to one George Rose, as bailee, so that he could drive it a few days to determine if he wished to buy it. Later, after drinking alcoholic beverages with a stranger, the bailee passed out and the stranger stole the bailee’s wallet and the keys to the bailed automobile from the bailee’s pants pocket and then stole the automobile and negligently operated it and collided with and damaged appellant’s trenching machine. Appellant appeals a summary judgment entered in favor of the owner and her insurance company. We affirm.
Of course, appellee, as owner, would have been vicariously liable for damages caused by the negligent operation of her automobile by her bailee, Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629 (1920). Appellee, as owner, would *554 have also been liable for damages caused by the negligent operation of her automobile by a thief whom the owner had negligently permitted to steal her automobile such as by leaving her keys in the ignition lock, Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977), or in an open glove compartment, Schwartz v. American Home Assurance Company, 360 So.2d 383 (Fla.1978). See also Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978). However we know of no Florida case that has held an automobile owner vicariously liable for a bailee’s negligence in failing to prevent a bailed vehicle from being stolen from the bailee as distinguished from the owner’s vicarious liability for the bailee’s negligent operation of the vehicle. Pearson v. St. Paul Fire and Marine Insurance Company, 187 So.2d 343 (Fla. 1st DCA 1966), and Commercial Carrier Corporation v. S.J.G. Corporation, 409 So.2d 50 (Fla. 2d DCA 1981), review denied, 417 So.2d 328 (Fla. 1982), hold to the contrary, and we follow those cases.
AFFIRMED.
COLEMAN, T., Associate Judge, concurs.
DAUKSCH, J., concurs in conclusion only, without opinion.