## BODZIAK v KRELL

### Case No. 89-3700

County Court, Sarasota County

April 11, 1990

**APPEARANCES OF COUNSEL**

**Jeffrey A. King, Esquire,** for plaintiffs.

**Geraldine A. Krell** and **Kristine M. Krell-Bodziak,** pro se.

## OPINION OF THE COURT

ALAN R. DAKAN, County Judge.

### *FINAL JUDGMENT FOR DEFENDANTS*

Plaintiffs, Ann Bodziak, mother and owner of the damages vehicle,

and Scott Bodziak, her son, seek damages from the defendant Kristine, the driver of the other vehicle, and her mother, Geraldine Krell, the owner of the other vehicle. The issues are whether intra-family immunity applies to an accident that occurred before the parties were married; and whether lack of consent negates a parent's liability for the negligence of the child. The court answers both questions in the affirmative, grants final judgment for Geraldine A. Krell and abates the action between Scott Bodziak and Kristine Krell-Bodziak. the court enters final judgment between Ann Bodziak and Kristine Krell-Bodziak.

Kristine Krell, age 16 at the time of the accident, was driving her mother's car when she rear-ended the car driven by Scott and owned by Mrs. Bodziak. Kristine's mother had signed the drivers license application with her daughter, pursuant to § 322.09 *Florida Statutes* (1989). However, it is undisputed that at the time of the accident Kristine was grounded, and had been expressly prohibited from driving.

The accident occurred on April 8, 1989. This action was filed on December 21, 1989. On July 21, 1990, Kristine and Scott were married.

Inter-spousal immunity is still the rule in Florida. As the Supreme Court noted in *Raisen v Raisen,* 379 So.2d 352, 355 (Fla. 1979),

". . . it is unrealistic to think that the defendant spouse will do all within his or her power to defeat the claim of the plaintiff spouse. We expect too much of human nature if we believe that a husband and wife who sleep in the same bed, eat at the same table, and spend money from the same purse can be truly adversary to each other in a lawsuit when any judgment obtained by the plaintiff spouse . . . will ultimately benefit both spouses."

When parties to accident marry, the injured spouse still has a cause of action, but the action is abated during existence of the marriage. *Gaston v Pittman,* 224 So.2d 326 (Fla. 1969). Thus this action is dismissed as between Scott and Kristine, for administrative purposes, with leave to reopen the case for good cause. *Chatmon v Woodard,* 492 So.2d 1115 (Fla. 3d DCA 1986).

Section 322.09 *Florida Statutes* (1989), makes parents who sign their children's license applications liable for damages caused by the child's negligence. This act is in derogation of the common law and must be strictly construed in favor of the parents. *Hartford Acc. and Indemn. Co. v Ocha,* 472 So.2d 1338 (Fla. 4th DCA 1985), cert. dism. 478

So.2d 54 (Fla. 1985) (parent not liable for punitive damages for accident caused by drunken child).

At common law the owner of a vehicle is vicariously liable for the negligence of the driver only if the owner expressly or impliedly gave her consent. *See,* for example, *Pearson v St. Paul Fire & Marine Insurance Co.,* 187 So.2d 343, (Fla. 1st DCA 1966); *Keller v Florida Power & Light Company,* 156 So.2d 775 (Fla. 3d DCA 1963). So here, where the antithesis of consent was established, Mrs. Krell cannot be held responsible for her daughter's negligence.

The legislature did not specify a parent would be liable despite whether there was consent to drive. More specific to this case, the legislature did not say a parent would be liable where the parent prohibits the child from using the car. This court does not believe it should extend liability in such a manner without legislative authorization. To do so would be contrary to the spirit of *Hartford Accident v Ocha,* supra., and would impose liability when the parent lack control (for example when the child steals a car or "hot wires" the family transportation). This court rules that the liability provisions of Section 333.09 *Florida Statutes* (1989), do not apply when the parent has instructed the child not to drive.

Nothing is an impediment to the suit between in-laws. Mrs. Bodziak was the owner of the damaged car, and Kristine Krell, caused the damage.

On the foregoing it is ORDERED that the plaintiff Ann Bodziak recover from the defendant Kristine Krell-Bodziak the sum of $2180.22 together with interest of $255.18, costs of ⁵8.60, for a total of $2518.00, all for which let execution issue.

It is further ordered that the plaintiffs take nothing by their action against the defendant Geraldine Krell, and she shall go hence without day.

ORDERED, April 11, 1990.