DOWNEY, Judge.
Appellant, David Cornell, a nonresident of Florida, has filed this appeal from a non-final order of the trial court denying his motion to quash service of process for lack of jurisdiction. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
Appellee, Merdorat Cyriaque, was injured in an automobile accident in Fort Lauderdale, Florida. The owner of the other automobile was appellant, Cornell, a resident of the State of New York. Appellee sued appellant and attempted service of process via section 48.171, Florida Statutes (1990). The record presented includes ap-pellee’s unverified complaint in which, in pertinent part, she alleges that she was injured in Fort Lauderdale in an automobile accident with a motor vehicle owned by appellant and driven by John E. O’Neil. She also alleges that she has complied with the requirements of section 48.171, Florida Statutes, thus permitting service of process on the Secretary of State. Appellant filed a motion to quash service of process, supported by his affidavit. This affidavit states that he is the owner of the automobile involved in an accident which is the subject matter of this case; that the vehicle was licensed and registered in New York State; and that the vehicle was left in Indiantown, Florida, on a previous business trip. The affidavit further states that a friend, Jeff Keane, agreed to drive the car back to New York for appellant. However, appellee was informed by the Fort Lauder-dale Police Department that the car had been in an accident in that city while being driven by Wade Gere. Appellant states that the only person to whom he gave permission to drive the car was Keane and he did not have permission to allow any third person to drive it.
The trial court denied appellant’s motion to quash and this appeal ensued. The parties have joined issue over whether this record supports jurisdiction pursuant to section 48.171, Florida Statutes (1990).
Appellant contends that the affidavit, being the only sworn proof in the record, shows that the driver of appellant’s car at the time of the accident was not doing so with appellant’s knowledge and consent or permission and, thus, service can not be obtained on appellant via section 48.171. Appellee’s view of the statute is that it authorizes service upon the Secretary of State when a nonresident accepts the privi-. lege of operating a motor vehicle in this state. Appellee contends that appellant’s affidavit admits those operative facts.
Appellant’s affidavit is a little troublesome; however, we take it to state that appellant is the owner who left the vehicle in Indiantown on a previous business trip. This demonstrates that we are dealing with a nonresident owner of a motor vehicle who accepted the privilege of using the public roads of Florida, thus making the Secretary of State his agent for service of process in a civil action arising out of an accident in Florida involving his automobile.
The real question we must answer is whether the nonresident owner’s automobile must be driven at the time of the accident by either the owner or someone else with the owner’s knowledge and consent. It is our conclusion that the answer to this question is in the negative.
Appellant’s entire argument is that the record shows through appellant’s affidavit that at the time of the accident the car was not being driven by the owner or by a person with his knowledge and consent. *1174 He relies primarily upon two cases [1] for that construction of the long arm statute. While appellant recognizes that the cited statute involved in this case is an amended version of the one involved in the cited cases, appellant asserts that the pertinent language is the same. With this we take issue.
In 1948 and 1950, when the cited cases were decided, the statute provided:
47.29 Service of process upon nonresident motor vehicle owners, etc.— The acceptance by a person, who is a resident of any other state or country, of the privilege extended by law to nonresident owners of driving or operating a motor vehicle, or of having the same driven or operated, or permitting the same to be driven or operated in the State of Florida, as evidenced by the operation by himself, his servant, employee or agent, of a motor vehicle in the State of Florida, or the operation by such a person, by himself, his servant, employee, or agent, of a motor vehicle in the State of Florida, shall be deemed equivalent to an appointment by him of the secretary of state of the State of Florida as his agent upon whom may be served all lawful processes in any action or proceeding against him growing out of any accident or collision in which such person, his servant, employee or agent, may be involved, while operating a motor vehicle in the State of Florida, and said acceptance or operation shall be signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.
Section 47.29, Florida Statutes (1948). Both Wedekind and Fidler construe the statute to require that the operation of the motor vehicle must be either by the owner or a consensual operation by another. Wedekind actually states that this statute would never permit application to a situation where the motor vehicle was being operated by anyone other than the owner, his servant, employee or agent.
In 1949 the legislature amended and broadened the reach of the statute by providing as follows:
48.171 Service on nonresident motor vehicle owners, etc. — Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the Secretary of State his agent for the service of process in any civil action begun in the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.
Section 48.171, Florida Statutes (1989).
For purposes of this case we would paraphrase section 48.171 to read:
Any nonresident of this state, being the operator or owner of a motor vehicle who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle within the state constitutes the Secretary of State his agent for the service of process in any civil action ... arising out of or by reason of any accident or collision occurring within the *1175 state in which the motor vehicle is involved.
In other words, once a nonresident owner drives a vehicle into the state he has taken advantage of the privilege afforded by statute and has appointed the Secretary of State his agent for service of process, even if the car is later driven without his consent.
We believe that the change in the last part of the statute is significant. In the old statute the legislature tied the “operation” of the motor vehicle by the owner or agent to the occurrence of the accident, in order to make the Secretary of State the agent for service. In contrast, the new statute does not tie the operation of the motor vehicle (by the owner or agent) to the accident. The statute merely says that the Secretary of State is agent for service of process in any action arising out of any accident occurring within the state “in which the motor vehicle is involved” once the owner or agent has driven the car into the state.
We believe that under the old statute, if an owner drove his car into the state and someone else gained control of the ear, service of process on the Secretary of State would not have been proper because the car was not being “operated” by the owner or his agent at the time of the accident.
Whereas, under the new statute, if an owner drives a car into the state (thereby accepting the privilege extended by the laws of this state to nonresidents) and someone else gains control of the car, even without the owner’s consent, and the motor vehicle is involved in an accident, then the Secretary of State can be given service of process. The new statute does not require that the owner or his agent be operating the motor vehicle at the time of the accident. It merely says any accident occurring within the state “in which the motor vehicle is involved.” We must remember that the focus is not on liability but on service of process.[2]
Therefore, we hold that the service of process pursuant to section 48.171 was proper in this case because it is apparent that appellant’s motor vehicle was brought into the state by the owner and his relationship to the driver at the time of the accident is irrelevant with regard to service of process. Accordingly, the order appealed is affirmed.
AFFIRMED.
DELL and WARNER, JJ., concur.

. Fidler v. Victory Lumber Co., 93 F.Supp. 656 (N.D.Fla.1950), and Wedekind v. McDonald, 82 F.Supp. 678 (S.D.Fla.1948).

. Under the dangerous instrumentality doctrine, which may ultimately be relevant here regarding the liability of an owner, one who authorizes another to use his automobile on the public highways may become liable for its misuse even where the permittee lends the car to a stranger to the owner and contrary to the owner’s explicit instructions. Union Air Conditioning, Inc. v. Troxtell, 445 So.2d 1057 (Fla. 3d DCA 1984).