629 So.2d 903 (1993)
Steven L. WARSHALL, Appellant/Cross-Appellee,
v.
Richard J. PRICE, Appellee/Cross-Appellant.
No. 91-2816.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
Rehearing or Clarification, Rehearing and Certification Denied February 8, 1994.
Kenni F. Judd of Edwards and Angell, Palm Beach, for appellant.
Patrick J. Casey and J. Kory Parkhurst of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee.
Rehearing or Clarification, Rehearing En Banc and Certification Denied February 8, 1994.
DONNER, AMY STEELE, Associate Judge.
Appellant, Dr. Steven Warshall, raises four issues on appeal from the final judgment of the trial court awarding damages to Dr. Richard Price stemming from an employment dispute. Price raises an additional three issues on cross-appeal. We affirm the lower court on all but one of the issues raised by both parties. On the remaining issue for conversion of a patient list, we reverse and remand for a new trial.
Warshall is a cardiologist who started a private practice in Palm Beach in 1978. Warshall hired Price, also a cardiologist, in July 1984. On August 23, 1984, Warshall and Price signed two agreements documenting the terms of their employment relationship. The term of employment was to be from July 2, 1984, through June 30, 1987. On June 30, 1987, Warshall and Price signed an agreement to continue association for one year.
On June 13, 1988, Price notified Warshall that he was terminating their employment *904 relationship as of June 30, 1988. Sometime in the Spring of 1988, but prior to June 30, 1988, Price obtained a list from Warshall's office which included patients' names, addresses, phone numbers, insurance information, and in some instances the last date of treatment.[1]
Price opened his new office on July 1, 1988. Immediately thereafter, he sent a form letter to over 500 of Warshall's patients. The letter stated that Price had opened his own practice and that he would appreciate the completion of the enclosed medical records release form. The letter made no mention of Warshall whatsoever. More than 300 of Warshall's patients filled out the records release form causing their records to be transferred to Price.
On July 22, 1988, Price filed suit claiming Warshall owed him $179,000 for his third year bonus and an amount in excess of $179,000 for his fourth year bonus. Warshall counterclaimed for conversion and civil theft of patient lists, conversion of checks held by Price, and breach of the non-complete provision of the employment agreement. As previously mentioned, conversion of a patient list is the only issue we need to elaborate on for purposes of this appeal.
The trial court directed a verdict in favor of Price on Warshall's claim for conversion of his patient list. Warshall contends the trial court erred on this point because there was more than ample evidence to support a jury verdict in his favor.[2]
Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." 12 Fla.Jur.2d Conversion and Replevin § 1 (1979). Conversion is an appropriate cause of action even if the specific property "converted" has no actual value. See Tourismart of America, Inc. v. Gonzales, 498 So.2d 469, 470 n. 2 (Fla. 3d DCA 1986) (holding that airline tickets, which have almost no value as property considering they are mere pieces of paper, are capable of being converted because it is not the tickets, but the service the tickets represent which is "converted").
Evidence was presented during the trial which established that all of the elements of conversion were present in this case. Specifically, the element of "act of dominion wrongfully asserted" was established when Price testified he used the list without Warshall's consent for the purpose of soliciting those patients. The second element, "over another's property," was established when Price testified the list belonged to Warshall's practice. Finally, the third element, "inconsistent with his ownership therein," was established when Price testified he treated and collected fees from patients he had solicited from Warshall's practice via the list.
Despite the fact that all of the elements for conversion are present, Price claims a cause of action for conversion is improper as a matter of law because Warshall was never denied possession of the patient list (because Price only took a copy from the computer) and because the patient list has no actual value. The trial judge agreed with this argument when Price asserted it below.
It is not necessary for a person to deprive another of exclusive possession of their property in order to be liable for conversion. See Nealy v. Ross, 249 So.2d 522, 523 (Fla. 3d DCA 1971) (stating that conversion "does not necessarily require a total deprivation of ownership or possession... ."). Similarly, the definition does not require property to have any specific value whatsoever in order to be subject to conversion.[3] *905 Consequently, the trial court's determination that the patient list in and of itself was of little value, was misplaced. Presumably, even if the list was only worth the value of the paper it was written on, a cause of action for conversion could still be maintained.
Furthermore, the trial court did recognize that Warshall's patient list could be of greater value if it was used to solicit his patients. That would indicate that the patient list does have value in the sense that without the list, fees from those patients could not be obtained. Viewed in that light, the list should be capable of conversion even under the trial court's interpretation of this cause of action.
Finally, the case at bar can also be analogized to Tourismart, 498 So.2d at 469. Like the plane tickets in Tourismart, it is undisputed that the paper Warshall's patient list was printed on was worth very little. However, the income Warshall's patient list represented arguably made even a copy of the list a very valuable piece of property.
The question still remains, however, if a cause of action for conversion can be maintained in this case as Price only took a copy of the patient list from Warshall's computer. Price did not delete the information from Warshall's computer after he took the list, nor did he deprive Warshall of access to the information in any way.
This issue was addressed in Conant v. Karris, 165 Ill. App.3d 783, 117 Ill.Dec. 406, 520 N.E.2d 757 (Ct. 1987).[4] In that case the defendant, the plaintiff's broker, received in the course of his employment for the plaintiff, a computer printout of confidential information belonging to the plaintiff. The printout was not the plaintiff's only copy as the plaintiff still had the information in his computer. The defendant disclosed the information from the printout to one of the plaintiff's competitors. The court held that when the defendant disclosed the information the plaintiff was denied the benefit of the data as it was no longer confidential. Therefore, the court determined the plaintiff could maintain a cause of action for conversion. Id.
We believe the logic set forth in Conant should be applied to the facts of this case. Like the plaintiff in Conant, Warshall was denied the benefit of his confidential patient list when Price took the list and used it to Warshall's disadvantage. Consequently, we find a cause of action for conversion was appropriate in this case, even though Warshall at all times had access to his own patient list.
For the foregoing reasons we reverse the directed verdict on the issue of conversion of the patient list and remand the issue for a new trial. We affirm all other points on appeal and cross-appeal.
AFFIRMED IN PART, REVERSED IN PART.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] There is conflicting testimony regarding how and when Price obtained this information. According to Price, Donelle Jones, the office administrator, gave it to him in the Spring. Ms. Jones testified, however, that Price requested the list when he announced that he was leaving in June of 1988. She further testified that she refused Price's request because Warshall told her Price was not to be given that information.
[2] A trial court may properly direct a verdict only when, viewing the evidence (and all reasonable inferences which could be drawn therefrom) in the light most favorable to the non-movant, there is no room for reasonable minds to differ and the movant is clearly entitled to judgment as a matter of law. Hooper v. Barnett Bank of West Florida, 474 So.2d 1253, 1257 (Fla. 1st DCA 1985).
[3] Although the value of the property converted may be significant in determining the amount of damages to be awarded, it appears wholly irrelevant in assessing the legitimacy of the initial cause of action.
[4] Although we recognize Conant is an Illinois appellate court decision, it is the only case that addresses the specific issue before this Court.