*499
ON MOTION FOR REHEARING AND CLARIFICATION

PER CURIAM.
This cause is before us on Appellees’ motion for rehearing and clarification. We deny the motion for rehearing with respect to whether Appellee Hart was acting in his individual capacity or on behalf of another, but grant the motion to clarify remanding this case back to the trial court for a trial on damages. Accordingly, we withdraw our former opinion of December 1, 2000, and substitute the following in lieu thereof.
This appeal arises out of Appellant’s claim that Appellees converted six large motors owned by Appellant and located on property owned by a third party. The trial court concluded there was no conversion because all the elements of the tort were not present. We reverse and remand.
Based upon evidence presented at trial, the trial court, in effect, found that it was Appellee’s idea to have someone move Appellant’s motors and that, without obtaining Appellant’s consent, Appellee made arrangements to have the motors hauled off as scrap material. Appellee’s actions deprived Appellant of its ownership interest in the motors. The essential elements of conversion were therefore established, and the trial court erred in ruling to the contrary. Accordingly, we reverse and remand for further proceedings consistent with this opinion. Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA), rev. denied, 641 So.2d 1346 (Fla.1994); General Finance Corp. of Jacksonville, Inc. v. Sexton, 155 So.2d 159 (Fla. 1st DCA 1963).
REVERSED and REMANDED.
BOOTH, ALLEN and PADOVANO, JJ., concur.