GROSS, C.J.
The question in this case is whether an employer can be held vicariously liable for an employee’s negligence in mishandling the car keys to his own car, thereby allowing a thief to steal the car and injure a third party. We hold that the employer cannot be held vicariously liable and affirm the final summary judgment entered by the circuit court.
Phillip Allan was struck by a car owned by Kenneth Graf. At the time of the collision, the car had been stolen and was being driven by the thief. Among others, Allan sued Graf and Grafs employer, ap-pellee USA Parking System, Inc. The complaint alleged that Grafs negligence led to the theft of his car and that such negligence occurred within the course and scope of his employment. The complaint asserted liability against USA Parking under a theory of respondeat superior.
USA Parking operated a limousine service that ferried customers around town. Graf was employed by USA Parking as a driver of the company’s limousines. The drivers never used their personal vehicles for work. The company did not require that the drivers commute to work in any particular form of transportation. Grafs work shift varied, depending on the demand for drivers.
USA Parking operated the limousine service at the Diplomat Hotel and Convention Center, where it also maintained an office. Prior to beginning a shift, employees typically went into the office to find out their assignments; at the end of their shift, they would go into the office to turn in their trip tickets. The trip tickets were used to compute the commissions to which each of USA Parking’s drivers were entitled. There was a parking ramp which led to the office, and employees routinely parked their personal cars on the ramp when they went into the office before and after their shifts. While the employees worked their shifts, their cars were parked in the Diplomat’s underground parking garage.
On October 12, 2008, Graf finished his shift at 8:00 p.m. He retrieved his Pontiac Firebird from the underground parking garage and parked it on the ramp leading to the office, so he could turn in his trip tickets. Graf turned off the engine and lights, got out of the car, and went into the office. While he was there, a thief jumped into the car and used Grafs keys to drive away. The following afternoon the car collided with Allan.
To impose vicarious liability on USA Parking for Grafs negligence, Allan relies on several cases holding that the owner of a car has a duty to protect the public from theft and the later conduct of car thieves, which may be breached by the owner’s negligent mishandling of car keys. These cases are an outgrowth of the duties imposed upon car owners because motor vehicles are dangerous instrumentalities. We reject Allan’s invitation to stretch these cases to impose vicarious liability upon employers for their employees’ negligent mishandling of their own car keys.
Two Supreme Court cases recognize the “legal foreseeability of automobile theft and ensuing collisions as a result of persons leaving ignition keys in unattended vehicles.” Michael & Philip, Inc. v. Sierra, 776 So.2d 294, 298 (Fla. 4th DCA 2000). The first case, Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977), involved the owner of a car who left it unlocked with a key in the ignition. The *153 second case, Schwartz v. American Home Assurance Co., 360 So.2d 383, 384 (Fla.1978), concerned the owner of a car who “left the keys to his automobile in the glove compartment when he parked it in front of a bar which he was frequenting.” In both Vining and Schwartz, the Supreme Court found that the theft of the owners’ vehicles and subsequent accident could be the foreseeable result of the owners’ key mismanagement. The Court reasoned that ownership of a dangerous instrumentality imposed a duty on the owner to avoid an unreasonable risk of harm:
[A] reasonable man should foresee the theft of an automobile left unattended with the keys in the ignition in a high crime area. Also, a reasonable man could foresee the increased danger of injury to the general public using the highways should such a theft occur. The owner of a dangerous instrumentality must exercise due care to ensure that such a danger does not occur.
Vining, 354 So.2d at 56; see Schwartz, 360 So.2d at 385.
Courts have not extended Vining and Schwartz to situations where it is the renter or bailee of a vehicle who mismanages car keys, but not the owner. Thus, in Commercial Carrier Corp. v. S.J.G. Corp., 409 So.2d 50 (Fla. 2d DCA 1981), a car rental company leased a car to a client who left it unattended with the keys in the ignition. Id. at 51. A thief stole the car and collided with a truck. Id. The second district rejected the truck owner’s attempt to hold the car rental company hable. First, the court held that the client’s negligence in leaving the car unlocked with the keys in the ignition was not “reasonably foreseeable” by the rental company. Id. Second, the court held that the dangerous instrumentality doctrine did not apply because the thief was driving the car without “the knowledge and consent of the owner.” Id. at 52.[1]
Similarly, in Cherokee Enterprises, Inc. v. Rogers, 451 So.2d 553 (Fla. 5th DCA 1984), the owner of a car loaned it for a test drive to a potential buyer. The buyer drank with a stranger and passed out; the stranger lifted the buyer’s wallet and the keys to the car, then “stole the automobile and negligently operated it,” causing a collision. The fifth district held that the owner was not liable for the accident, observing
we know of no Florida case that has held an automobile owner vicariously liable for a bailee’s negligence in failing to prevent a bailed vehicle from being stolen from the bailee as distinguished from the owner’s vicarious liability for the bailee’s negligent operation of the vehicle.
Id. at 554.
Here, Graf was the owner of the stolen car, not USA Parking. We decline to create new law by holding USA Parking vicariously liable for the negligence of its employee in mishandling his own car keys. “The underlying philosophy which holds an employer liable for an employee’s negligent acts is the deeply rooted sentiment that a business enterprise should not be able to disclaim responsibility for accidents which may fairly be said to be the result of its activity.” Carroll Air Sys., Inc. v. Greenbaum, 629 So.2d 914, 916-17 (Fla. 4th DCA 1993). Here, the employee’s use of his own car was primarily for his own convenience. Also, the imposition of liability in a case like this one involves “the allocation of the economic cost of an injury *154 resulting from a risk incident to the enterprise.” Id. (quoting Rodgers v. Kemper Constr. Co., 50 Cal.App.3d 608, 619, 124 Cal.Rptr. 143, 149 (Cal.App.1975)). Florida law has determined that liability in key mishandling cases is an aspect of the ownership of a motor vehicle, so that the cost of such negligence is imposed on an owner for the owner’s negligence and nothing more.

Affirmed.

CIKLIN, J., and KEYSER, JANIS BRUSTARES., Associate Judge, concur.

. The Supreme Court cited Commercial Carrier with approval in Hertz Corp. v. Jackson, 617 So.2d 1051, 1053 (Fla.1993).