OWEN, Judge.
Clara Bryant sustained personal injury in an automobile collision. Her suit against the owner and the operator of the adverse vehicle resulted in a jury verdict favorable to the defendants. From the judgment entered thereon Clara Bryant brings this appeal, her motion for new trial having been denied.
The collision occurred in the City of Orlando at the intersection of Colonial Drive and Maguire Road. The automobile in *716 which appellant was a passenger was westbound on Colonial Drive, and at the intersection made a left turn onto Maguire Road, turning directly into the path of the oncoming eastbound gasoline tanker truck owned by appellee Shell Oil Company and driven by appellee Swarts. Traffic at the intersection was controlled by automatic signal lights, the sequence of which included “green left turn arrows” for east-west traffic on Colonial Drive, during which time east-west through traffic was faced with a red light.
Appellant’s first point is that defendant Swarts’ own testimony established his negligence as a matter of law, thus entitling appellant (to whom no negligence was imputable) to a verdict in her favor. Swarts testified that as he was approaching the intersection within the applicable speed limit he saw the green left turn arrow and being familiar with the light sequence, he decreased his speed sufficiently so that the light would turn to full green before he reached the intersection; that this did in fact occur and he continued into the intersection on the green light without seeing the oncoming left turning vehicle until the time of impact. This was not negligence as a matter of law.[1] It was conduct which the jury might well have found to be negligence, but it did not require such a finding.
Appellant’s next point is that the “presumption of negligence” arising by virtue of defendant’s violation of traffic statutes could not be neutralized by testimony offered on behalf of defendants which appellant characterizes as being “patently in error”. The traffic statutes (which appellant contends defendant violated) prohibit traffic entering an intersection against a red signal,[2] require traffic facing a green signal to yield the right-of-way to other vehicles lawfully within the intersection,[3] and require a vehicle to be operated at a speed which shall be controlled as necessary to avoid colliding with another vehicle entering the intersection in compliance with law.[4]
There were clear factual issues as to whether any traffic statute had been violated by defendants. Of course, the violation of a traffic statute or ordinance is prima facie evidence of negligence that may be overcome by other facts and circumstances in the cause,[5] but it does not create a presumption of negligence as argued by appellant.
 But the real heart of appellant’s argument on this point is that testimony offered by two eyewitnesses produced by defendants was patently in error because it could not be reconciled logically with the version of the six or seven eyewitnesses produced by plaintiff or with Swarts’ testimony. While appellant’s argument on this point could well have been most persuasive to a jury, we are not entitled to weigh the evidence in the same manner as a jury.[6] The testimony of these two witnesses place in the record competent substantial evidence, which considered most favorably' to appellees, supports the view that the left turning automobile in which appellant was a passenger commenced its left turn after the green arrow had gone off, thereby turning directly in front of the appellees’ oncoming truck which was then entering the intersection on a green light. This evidence, if believed by the jury, would justify the verdict in favor of ap-pellees.[7]
The question of the sufficiency of this evidence to sustain the verdict was first presented to the trial court on the motion *717 for a new trial on the ground that the verdict was contrary to the manifest weight of the evidence. We find that the trial court did not abuse its discretion in denying appellant’s motion for a new trial.[8]
Appellant’s final point, directed to the taxation of certain costs, is without merit.[9]
Affirmed.
McCAIN and REED, JJ., concur.

. Cash v. Gates, Fla.App.1963, 151 So.2d 838.

. F.S.1967, Section 317.061(3) (a), F.S.A.

. F.S.1967, Section 317.061(1) (a), F.S.A.

. F.S.1967, Section 317.221, F.S.A.

. Clark v. Sumner, Fla.1954, 72 So.2d 375.

. Commercial Accept. Corp. v. Barnes, Fla. App.1965, 179 So.2d 251.

. Cash. v. Gates, Fla.App.1963, 151 So.2d 838.

. Cloud v. Fallis, Fla.1959, 110 So.2d 669.

. F.S.1967, Section 57.071(2), F.S.A.