NATHAN, Judge.
This is an appeal by the plaintiffs, Charlie Vining and Velma Vining, his wife, from an *551 order of the trial court dismissing with prejudice the remaining counts of their third amended complaint against defendant Avis Rent-A-Car Systems, Inc.
An Avis rental automobile was stolen from the Avis lot at the Miami International Airport. While driving the rental car, the thief negligently collided with the automobile driven by Charlie Vining. Vining sued Avis for damages for injuries sustained in the collision, charging that Avis left the vehicle unattended with the ignition keys in the ignition and with the door open and the lights burning in such a manner as to attract attention to the vehicle. This negligence was alleged to have proximately caused the plaintiffs’ injuries. Avis filed a motion to dismiss citing this court’s decision in Lingefelt v. Hanner, Fla.App.1960, 125 So.2d 325, which absolved the owner of a car of liability for damages caused by a car thief, despite the fact that the owner negligently left the ignition switch unlocked. The trial court granted Avis’ motion to dismiss with prejudice and this appeal ensued.
The plaintiffs contend that Avis is in violation of § 316.097, Fla.Stat., entitled “Unattended motor vehicle,” which in part provides,
“No person driving or in charge of any motor vehicle . . . shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key. . . . ”
Although violation of a state statute is evidence of neglilgence,[1] we follow the reasoning of Lingefelt v. Hanner, supra, wherein it is held that the determinative issue is one of causation. Assuming Avis’ act of leaving the keys in the ignition in violation of the statute was evidence of of negligence, the plaintiffs still could not recover unless such negligent act was the proximate cause of the plaintiffs’ injuries. Proximate cause is defined as, “that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.” 23 Fla. Jur., Negligence, § 26, and cases cited therein. The courts of Florida adhere to the general principle that an intervening criminal act breaks the chain of causation. Accordingly, the original negligence of the defendant Avis, in leaving the keys in the ignition, was not the proximate cause of the damages resulting from the intervening criminal act. Lingefelt v. Hanner, supra; Bryant v. Atlantic Car Rental, Inc., Fla.App.1961, 127 So.2d 910.
There can be no recovery for damages where, as here, the injuries were not a reasonably foreseeable consequence such that a person, by prudent human foresight could anticipate that the damages incurred will likely result from the defendant’s negligence. Cone v. Inter County Telephone & Telegraph Company, Fla.1949, 40 So.2d 148. We conclude that there is no reasonable basis upon which a jury could determine that the plaintiffs’ damages were proximately caused by Avis’ negligence.
We regard the question of foreseeability and proximate cause under the facts presented on this appeal to be of such importance that it should be settled by the Supreme Court of Florida. We have determined, therefore, that the decision in this cause will be certified to the Supreme Court of Florida pursuant to the Florida Constitution, Art. V, § 3(b)(3).
The order dismissing the complaint is affirmed.

. Clark v. Sumner, Fla.1954, 72 So.2d 375; Bryant v. Swarts, Fla.App.1969, 227 So.2d 715.