354 So.2d 54 (1977)
Charlie VINING and Velma Vining, Wife of Charlie Vining, Petitioners,
v.
AVIS RENT-A-CAR SYSTEMS, INC., Respondent.
No. 49459.
Supreme Court of Florida.
November 10, 1977.
Rehearing Denied February 10, 1978.
Sheridan K. Weinstein, of Papy, Levy, Carruthers & Poole, Coral Gables, for petitioners.
Richard M. Gale, and Robert L. Dube, Miami, for respondent.
*55 John R. Young, of Hamilton, James, Merkle & Young, West Palm Beach, for Alberto and Sheryl Almeida, as amicus curiae.
ADKINS, Justice.
This case presents the issue of whether the owner of a car, who leaves it unlocked with the key in the ignition in violation of Florida's Unattended Motor Vehicle statute, Section 316.097, Florida Statutes (1975), is liable for the conduct of a thief who steals the car and subsequently injures someone while negligently operating the stolen vehicle.
The cause is before us on petition for writ of certiorari to review the decision of the Third District Court of Appeal, reported at 330 So.2d 550 (Fla.3d DCA 1976). In light of the great public interest involved, the court below has certified the cause to this Court, pursuant to Article V, Section 3(b)(3), Florida Constitution. We have jurisdiction.
The facts in the instant case as alleged by plaintiff (petitioner here) in his amended complaint are as follows: An Avis rental car was left unattended in the Avis parking lot at the Miami International Airport with the keys in the ignition, the door open, and the car lights flashing. The car was situated in such a manner that it could be easily driven onto the public roads without obstruction. The vehicle was subsequently stolen. While negligently operating the vehicle, the thief collided with plaintiff's car causing plaintiff severe physical injury. The complaint further alleged that the area around the Miami International Airport had the highest incident of auto theft in Dade County, Florida, that Avis had had vehicles stolen in the past, and that statistics show a strong correlation between automobile thefts and automobile accidents. The trial court summarily dismissed the complaint with prejudice for failure to state a cause of action.
On review, the Third District Court of Appeal upheld the trial court relying largely upon its prior decision in Lingefelt v. Hanner, 125 So.2d 325 (Fla.3d DCA 1960), involving similar facts. The court below reasoned that even if Avis were negligent in allowing the rental car to be stolen, it was not liable for the damages caused by the thief because the criminal act of stealing the car breaks the chain of causation; and therefore, as a matter of law, Avis' negligence was not the proximate cause of plaintiff's injuries.
Key-in-the-ignition cases are not new in the field of torts. The traditional approach, absent unusual circumstances (See Hergenrether v. East, 61 Cal.2d 440, 39 Cal. Rptr. 4, 393 P.2d 164 (1964)), has been to deny relief to the injured plaintiff either by holding that a car owner owes no duty to a victim injured by a thief (Shafer v. Monte Mansfield Motors, 91 Ariz. 331, 372 P.2d 333 (1962); Richards v. Stanley, 43 Cal.2d 60, 271 P.2d 23 (1954)), or, as the Third District Court has held, that car theft constitutes an unforeseeable intervening criminal act which breaks the chain of causation between the negligence of the car owner and the injuries of the plaintiff. Lingefelt v. Hanner, supra; Liberty v. Holfeldt, 155 A.2d 698 (Md. 1959); Merchants Delivery Service, Inc. v. Joe Esco Tire Co., 533 P.2d 601 (Okl. 1975); Clements v. Tashjoin, 168 A.2d 472 (R.I. 1961). Several jurisdictions, however, have departed from this traditional approach. Zinck v. Whelan, 120 N.J. Super. 432, 294 A.2d 727 (App.Div. 1972); Davis v. Thorton, 384 Mich. 138, 180 N.W.2d 11 (1970); Gaither v. Meyers, 131 U.S.App.D.C. 216, 404 F.2d 216 (1968). In Zinck v. Whelan, supra, at 734, the New Jersey Superior Court reasoned that the key to duty, negligence and proximate cause when keys are left in an unlocked motor vehicle is the foreseeability to a reasonable man of an unreasonable danger presented to other motorists. If the danger is foreseeable, then
"[A] duty arises toward the members of the public using the highways, its breach is negligence, and the injury is the proximate result of the breach, or so a jury should be permitted to find."
This Court in Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175, 177 (Fla. 1976), has held that if an intervening criminal act is foreseeable, the chain of *56 causation is not broken and thus the original negligence may be the proximate cause of the damages sustained. This rule is directly applicable to key-in-the-ignition cases. We therefore endorse the view set forth in Zinck v. Whalen, supra. If reasonable men might differ, the determination of foreseeability should rest with the jury. See also Lingefelt v. Hanner, supra, at 327, Carrol, Chas., J., dissenting.
Florida statutory law provides additional support for this position. Section 316.097, Florida Statutes, states that "no person driving or in charge of any motor vehicle ... shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key... ." This regulation, incorporated as part of the "Florida Uniform Traffic control law," (Chapter 71-135, Florida Laws (1971)), was enacted mainly to promote the overall safety of our State's highway system, not merely to reduce automobile thefts. The legislature recognized that an automobile placed in the hands of an unauthorized person was more likely to be operated in a manner hazardous to the well being of the general public. Statistical data provided strong support for this position. See Gaither v. Myers, supra, at 222-23.
Turning to plaintiff's complaint he is clearly a member of the class Florida's "Unattended Motor Vehicle" statute was intended to protect. Also, the injuries he sustained were the type the statute was designed to prevent. If plaintiff can establish that the violation of the statute was the proximate cause of his injury, he is entitled to recover. See deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973). The court below held that an intervening criminal act automatically breaks the chain of causation as a matter of law. In addition to being in conflict with our later decision in Nicholas v. Miami Burglar Alarm Co., Inc., supra, such a holding would serve to bar recovery for all injured parties under Florida's "Unattended Motor Vehicle" statute because the criminal act of stealing the car would always precede the plaintiff's injury. This approach would effectively deny relief to those members of the general public that the statute was intended to protect and for this reason cannot be endorsed.
The key to proximate cause is foreseeability. In light of the facts alleged by plaintiff, it could be said that a reasonable man should foresee the theft of an automobile left unattended with the keys in the ignition in a high crime area. Also, a reasonable man could foresee the increased danger of injury to the general public using the highways should such a theft occur. The owner of a dangerous instrumentality must exercise due care to ensure that such a danger does not occur.
We therefore conclude that the complaint alleges facts sufficient to establish a cause of action. Since reasonable men might differ, the ultimate determination of foreseeability rests with the jury. The decision of the District Court of Appeal is quashed and the cause is remanded with instructions to reverse the judgment of the trial court.
It is so ordered.
ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
OVERTON, C.J., and KARL, J., dissent.
BOYD, Justice, dissenting.
I respectfully dissent.
The majority opinion correctly states that the law in this jurisdiction has long been that an owner of an automobile who negligently leaves ignition keys in it is not liable for the torts committed by a thief who steals the car. The statute relied upon by the majority does not explicitly state that such owners, upon adoption of the statute, would thereafter be held liable. If the Legislature had intended to impose such liability it could have, and should have, explicitly so stated. Such fundamental changes in the law as will result from the majority opinion should be made by the Legislature on a public policy basis rather than through judicial interpretation. Believing that the trial court and the district court interpretations *57 are correct, I would affirm their actions by discharging the writ of certiorari heretofore entered in this cause.