364 So.2d 467 (1978)
Philip A. HENDELES, Etc., Petitioner,
v.
SANFORD AUTO AUCTION, INC., et al., Respondents.
No. 52415.
Supreme Court of Florida.
November 9, 1978.
*468 John M. Green, Jr. and Steven H. Gray of Green, Simmons, Green & Hightower, Ocala, for petitioner.
Andrew G. Pattillo, Jr. of Pattillo, MacKay & McKeever, Ocala and Kenneth M. Beane, Casselberry, for Sanford Auto Auction, Inc.; and Randy R. Briggs and Edwin C. Cluster of Ayres, Cluster, Curry and McCall, Ocala, for Curtis Hulsey, respondents.
PER CURIAM.
We granted certiorari in this case for conflict with Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). The estate of Carol Hendeles Brady brought an action against respondents for wrongful death caused by an automobile accident. The complaint sought damages from parties alleged to have had ownership or possession of the offending automobile, who were also alleged to have entrusted it to the driver who caused the fatal accident. Each of the respondents as parties defendant denied ownership, possession, and entrustment as to itself. Thus the question of the unauthorized use of the car, along with the circumstances surrounding it  the key was left in the ignition  was placed in issue. It appears from the record that the trial judge's order of summary judgment for the respondents was based on his belief that the evidence showed the car to have been stolen. The district court of appeal affirmed, per curiam, without opinion.
In Vining, we held that the chain of causation between the statutory violation, under Section 316.097, Florida Statutes (1975), of one in charge of an automobile who leaves it standing unattended, unlocked, with the key in the ignition, and the injury caused by the operation of the automobile by a thief, is not necessarily broken by the intervening criminal act of the driver in stealing the car. The key to proximate cause, we said, is foreseeability. The question of the foreseeability of the intervening theft under the circumstances, and of the likelihood of subsequent danger to others, when reasonable persons might differ, is for the jury.
Vining had not been decided when this case was before the trial court. But it controls now since disposition of a case on appeal should be made in accord with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed was rendered. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967).
There were disputed issues of material fact before the trial court. The factual questions either placed in issue by the pleadings or upon which evidence was adduced in the form of documents, affidavits, and depositions included, among possible others: which of the respondents had ownership, possession or control of the vehicle, or whether they had same jointly; whether the party or parties in control of the vehicle entrusted it, negligently or otherwise, to the driver; and whether it was foreseeable under the circumstances that the car might be stolen with resultant danger to others.
*469 Therefore, the trial court erred in holding that there were no disputed issues of material fact. And our Vining decision, filed since the time of the trial court's action, compels reversal of its implicit holding that, since it appeared the car was driven without permission, there could be no liability on the part of the person or persons having ownership or control.
The decision of the district court is quashed and it is directed that the cause be remanded to the trial court for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, HATCHETT and ALDERMAN, JJ., concur.