ADKINS, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, 4th District, (330 So.2d 550) on ground of direct conflict with the opinion of this Court in Vining v. Avis Rent-a-Car Systems, Inc., 354 So.2d 54 (Fla.1977), on the question of liability in the event a thief steals an automobile, with key in the ignition, and subsequently injures someone while negligently operating the stolen vehicle.
Trushin loaned his car to Acker, who drove it to the Harbor Lounge. When Acker stopped at the front of the lounge, he left the lights on and the motor running. Acker waved to one of the attendants who waved back. Acker then entered the lounge. None of the attendants parked the car and it was not seen thereafter. It was stolen.
While the thief was allegedly operating the vehicle in a negligent manner, plaintiffs were injured and they sued Trushin, Acker, Harbor Lounge, Inc., and/or Southern Caterers of North Bay Village, Inc.
The trial court entered summary judgment in favor of the lounge, finding as a matter of law that Harbor Lounge, Inc., and/or Southern Caterers had not attained the status of bailee. The trial court noted that the gravamen of the action was the *347 negligence of Acker in leaving the keys in an unattended automobile. The summary judgment entered in favor of Trushin was not appealed and the action against Acker is pending at the trial level. We are only concerned with the summary judgment entered in favor of the lounge.
The Plaintiffs’ appeal and the judgment of the trial court was affirmed without opinion. In a specially concurring opinion Judge Anstead expressed the reliance of the district court upon Vining v. Avis Rent-a-Car Systems, Inc., 330 So.2d 550 (Fla. 3d DCA 1976) where the court held that the intervening criminal act of theft breaks any causative, chain between the original negligent act of leaving the keys in the car and the subsequent damages incurred in an accident. This Court in Vining v. Avis Rent-a-Car Systems, Inc., supra, modified this rule and held that the owner of the stolen automobile could be held accountable if a reasonable man should foresee the theft of an automobile left unattended with the keys in the ignition.
The Vining, supra, decision does not conflict with the decision in the case sub judice.
The keys were left in the ignition by Acker and there is nothing in the record which suggests that the lounge’s employees were negligent. The summary judgment was appropriate and there is no conflict of decision.
The Writ of Certiorari is discharged.
ENGLAND, C. J., and BOYD and SUND-BERG, JJ., concur.
OVERTON, J., concurs in result only.