CAMPBELL, Judge.
Appellant, Tony Allen Owen, appeals the trial court’s order granting final summary judgment in favor of appellees, Michael Mann and Government Employees Insurance Company. We affirm.
On May 16, 1982, appellant was injured when his vehicle was struck by a vehicle driven by Donald Ehrmig, alias Larry Wagner, appellee herein, and owned by appellee Mann. Appellant filéd suit against Mann and appellee Government Employees Insurance Company, claiming that Mann knowingly consented to the operation of his motor vehicle by Ehrmig/Wagner.
The record reveals that on the day in question, Mann’s wife Bonnie was driving the car. Ehrmig/Wagner took Mann’s car without Mrs. Mann’s permission after she left the car unattended with the keys in the ignition. Ehrmig/Wagner was subsequently involved in an accident with appellant which is the basis of the present action.
Appellees filed motions for final summary judgment, contending that there were no facts in the record to sustain appellant’s contention that Ehrmig/Wagner operated Mann’s car with his knowledge and consent. The trial court entered an order in favor of appellees, and appellant appealed.
On appeal, appellant claims that the trial court erred in granting appellees’ final summary judgment based on Vining v. Avis *1263 Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977). It is true that Vining holds that it is negligence per se when anyone violates section 316.1975, Florida Statutes (1981), by leaving any motor vehicle unattended without first stopping the engine, locking the ignition, and removing the keys. Further, when an injured party alleges facts showing that a violation of section 316.1975, Florida Statutes, has occurred, and the evidence in the record supports the allegations and the resulting injury, then a cause of action has been stated upon which the injured party may be entitled to relief. Vin-ing.
Here, however, appellant bases his whole claim for relief against Mann and Government Employees Insurance Company on allegations that Mann consented to the use of his vehicle. The record in the trial court contains no allegations or argument that the cause of action was based on a violation of section 316.1975.
We, therefore, affirm the trial court’s order.
OTT, C.J., and BOARDMAN, J., concur.