480 So.2d 649 (1985)
Scott L. CLARK, Appellant,
v.
Linda Ann MERRITT, Appellee.
No. 84-859.
District Court of Appeal of Florida, Fifth District.
October 31, 1985.
Rehearing Denied January 6, 1986.
Michael A. Miller of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellant.
Deborah C. Edens of Maher, Overchuck, Langa & Lobb, P.A., Orlando, for appellee.
THOMPSON, Associate Judge.
The appellant, Scott L. Clark, appeals a judgment obtained against him on the basis that he negligently left a motor vehicle unattended with the keys in its ignition, resulting in injury to the plaintiff, Linda Ann Merritt. Pursuant to jury trial, a verdict found Clark 5% negligent, the plaintiff Merritt 1% contributorily negligent, and the principal tortfeasor, one Larry Smith, 94% negligent. Damages were assessed at $150,000.00.
The underlying facts are as follows: Clark, accompanied by his wife and another couple (Vernon Haskins and Merritt), towed his new boat, a sixteen-foot Ski Nautique, via a pick-up truck and trailer, to Crow's Bluff Marina for an outing on the St. Johns river. They parked outside the marina. Scott left the truck key in the ignition, while he and Haskins went inside the marina, leaving Katherine Clark and Merritt in the boat, where they were making sandwiches for the trip. When Haskins returned, he noticed the co-defendant, Larry Smith, standing by the truck. Smith was obviously intoxicated. Haskins became suspicious and walked over and locked the passenger door of the truck, but did not remove the ignition key. He then sat on the edge of the boat and ate a hot dog. As he watched, Smith walked around the front of the truck, made a quick move *650 and entered the truck through a half-open door on the driver's side. Haskins immediately hollered at Smith and ran toward the truck. Smith hit Haskins with his left hand, threw Haskins from the truck and drove off with the boat in tow. Linda and Katherine remained in the boat. Eventually, the boat became separated from the trailer, rolled over and injured both women.
Section 316.1975, Florida Statutes (1981), reads in pertinent part:
No person driving or in charge of any motor vehicle except a licensed delivery truck or other delivery vehicle while making deliveries, shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key... . (Emphasis supplied.)
The appellee relies upon the case of Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). Vining changed Florida law to allow an owner of a vehicle to be held liable if a thief steals the automobile where the keys have been left in the ignition, and someone is hurt. The "key" is that the vehicle must be "unattended" and the intervening criminal act must be foreseeable.
The facts clearly show that the truck was in view of Haskins, Katherine Clark and appellee for the total time that it was parked at Crow's Bluff Marina. The actions of Haskins, who was in and out of the truck while appellant was away, show that precautions were taken to secure and watch over the truck. The truck was attended. The unrebutted facts show there was a member of the party within fifteen feet of the truck at all times.
Foreseeability does not mean "what might possibly occur." See Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978). Rather, in this case, the question is whether the intervening criminal act of defendant Smith in quickly entering the truck, after one door was locked to prevent his entry and while he was being watched by a man fifteen feet away, was foreseeable. Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976). It was not.
In contrasting this case with Vining, we note the dissimilarities. In Vining the car was parked in an area with the highest car theft rate in Dade County. There was no testimony of any prior auto thefts at the marina in the present case. In Vining there was no one left with the automobile. In the case sub judice, three people were within fifteen feet of the vehicle. Finally, in Vining there was testimony that Avis had had cars stolen from the Dade Airport previously, putting Avis on notice as to the problem. Appellant had no such notice. In fact, there was no testimony as to any unusual prior criminal activity at the location. See Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985). The vehicle was attended; therefore, the appellee should not have benefit of section 316.1975, Florida Statutes.
The trial court's denial of the appellant's request to interview the jury based upon allegations of improper consideration of the finances of Smith and appellant was proper. There were no extrinsic reasons presented for the interview. See Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), review denied, 397 So.2d 779 (Fla. 1981); Fla.R.Civ.P. 1.431(g). The court may not investigate the subjective thought processes of a juror after a verdict is rendered. See Marks v. State Road Dept., 69 So.2d 771 (Fla. 1954); Dover Corp. v. Dean, 473 So.2d 710 (Fla. 4th DCA 1985).
REVERSED and REMANDED for entry of judgment solely against Smith based on his percentage of the negligence (94%) or, at the option of the plaintiff/appellee, a new trial against Smith on the issue of his proportionate share of negligence.
DAUKSCH and SHARP, JJ., concur.