762 So.2d 1040 (2000)
Richard TOOMBS, etc., Appellant,
v.
ALAMO RENT-A-CAR, etc., et al., Appellees.
No. 5D99-2043.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
*1041 William 1. Petros, P.A., Miami, and Hicks & Anderson, P.A., Miami, for Appellant.
Walter A. Ketcham, Jr., and David W. Henry of Grower, Ketcham, More, Rutherford, Noecker, Bronson, Siboni & Eide, P.A., Orlando, for Appellee, Alamo Rent-A-Car.
PLEUS, J.
Richard Toombs, as Personal Representative of the Estate of Julia Studdard, appeals a final summary judgment in favor of Alamo Rent-A-Car, Inc. in a wrongful death action against Alamo and others. Julia Studdard was killed in an automobile that her husband had rented from Alamo. Her husband and two minor children survived. We affirm.
Toombs sought damages on behalf of the two surviving minor children under Florida's Wrongful Death Act pursuant to section 768.19, Florida Statutes (1997)[1] and brought a claim against Alamo as owner of the rented vehicle that was involved in the accident. Alamo moved for summary judgment on the ground that Julia Studdard, a co-bailee of Alamo's vehicle, could not rely on the dangerous instrumentality theory where the injury occurred while the vehicle was in her possession. The trial court agreed with Alamo and granted its motion for summary judgment. In this appeal, Toombs argues that the trial judge erred in failing to follow the recent case of Enterprise Leasing Co. v. Alley, 728 So.2d 272 (Fla. 2d DCA), rev. denied, 741 So.2d 1135 (Fla.1999).[2] Alamo asserts this case is controlled by Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965), and that Alley is simply wrong.[3]
Relying on Alley, Toombs argues that even though Julia Studdard's "right of action" was lost because she was a co-bailee, her minor childrens' wrongful death "cause of action" survives. For reasons set forth in this opinion, we find that both the cause of action and the right of action were lost.
The trial judge, relying on Raydel, concluded that because Julia Studdard could *1042 not recover against Alamo, her minor children were also barred from recovery. In Raydel, the supreme court held that the dangerous instrumentality doctrine does not apply "where an automobile is entrusted to a husband and wife jointly and while it is in their dominion and control it is negligently operated by one of them, injuring one or both of them." 178 So.2d at 572.
The facts in Alley are virtually identical to those of the instant case. The second district did not find that Raydel barred recovery by the minor children even though it recognized that reconciliation of its decision with Raydel and other pertinent cases was "difficult and challenging." Alley, 728 So.2d at 274.
The second district, in finding a cause of action in favor of the survivors, concluded that only the "right of action," for reasons "personal to the decedent" was lost. Id. at 276. We are unable to reconcile this case with Raydel. A right of action, as explained by the supreme court in Shiver v. Sessions, 80 So.2d 905, 908 (Fla.1955), is "`a remedial right affording redress for the infringement of a legal right belonging to some definite person, whereas a cause of action is the operative facts which give rise to such right of action.'" In explaining how the legislature created a right of action in favor of certain beneficiaries under the Wrongful Death Act, the court further noted:
But we think it is unreasonable to imply that the Legislature intended to bar the `right of action' created by the Act on account of a disability to sue which is personal to a party having an entirely separate and distinct `right of action' and which does not inhere in the tort or `cause of action'upon which each separate right of action is based.
Id.
We do not believe that an individual's status as a co-bailee of a dangerous instrumentality is a mere disability to sue, but rather, prevents the cause of action from wholly existing in such a circumstance. The dangerous instrumentality doctrine, in short, was never intended to apply to the bailee of that instrumentality during the operation of the bailment. Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla. 1964). The co-bailee cannot impute the negligence of the other co-bailee/driver to Alamo. We hold that because no right of action existed at the time of Julia Studdard's death, no wrongful death cause of action survived the decedent. Variety Children's Hosp. v. Perkins, 445 So.2d 1010 (Fla.1983).
This opinion, of course, does not affect the claims which the minor children may have against other defendants. We affirm the summary judgment and certify conflict between this case and Alley.
SUMMARY JUDGMENT AFFIRMED; CONFLICT CERTIFIED.
PETERSON, J., concurs.
HARRIS, J., concurs specially, with opinion.
HARRIS, J., concurring specially:
To say that recent cases from our supreme court indicate dramatic changes in Florida's negligence law would be a gross understatement. It may be, as suggested by appellant, that the current supreme court will renounce Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965), and Shiver v. Sessions, 80 So.2d 905 (Fla.1955), decided by previous supreme courts, in favor of Enterprise Leasing Co. v. Alley, 728 So.2d 272 (Fla. 2d DCA 1999). Regardless of how the new court may wish to interpret Florida's negligence law in the future, our present responsibility is to enforce statutory requirements as currently interpreted by existing precedent to the best of our ability.
Although Raydel is not a new decision, its logic remains sound. It holds that an owner is not liable under the dangerous instrumentality doctrine for injuries sustained by a bailee because of the bailee's own negligent operation of the vehicle. In *1043 other words, the 1965 supreme court rejected the notion that a cause of action could be stated by alleging that the owner entrusted a vehicle to plaintiff which permitted plaintiff to negligently injure himself. Further, the court applied this logic to the co-bailee stating:
Mrs. Metcalfe cannot impute to Petitioners, the owners of the car, the negligent operation of it by her husband, since with her husband she had been jointly entrusted with the car. Unless the negligent driving can be imputed in law to an owner there can be no recovery from the owner. Not only was Mrs. Metcalfe jointly entrusted with the car by the owners, but at the time of the accident it is quite apparent that as the one entrusted with the possession of the car she in turn was consenting to its being driven for her personal benefit by her husband.
Hence, the court ruled that if the owner entrusts a vehicle to A and B, it is up to A and B to determine who should drive. Upon leasing the vehicle in this case to Mr. and Mrs. Stuttard and turning the vehicle over to them, Alamo no longer had a right of possession which would permit it to designate either of them to be the driver. When Mrs. Stuttard, a "co-owner" of the right of possession, permitted her husband to drive, it was she and not Alamo who entrusted the vehicle to a negligent driver and, if the dangerous instrumentality law has any applicability in this instance, it is she who should be vicariously liable for his negligence. She was, after all, in a much better position than Alamo at the time she permitted the husband to drive to determine his condition and fitness for that purpose.
Even if Raydel survives, does it apply when the action is being brought by the wife's survivors under the Wrongful Death Act? To answer this question, we must consider Shiver and section 768.19, Florida Statutes. Section 768.19 defines a "right of action" in the context of the Wrongful Death Act. It provides that the survivors have a right of action for the death of one who could have stated a cause of action for his or her injuries had death not occurred. This provision is not ambiguous. The 1955 supreme court in Shiver recognized similar language in a previous version of the Wrongful Death Act to mean that "the Legislature intended that the right of action created by the Wrongful Death Act in favor of the named beneficiaries must be predicated upon operative facts which would have constituted a tort against their decedent under established legal principlesin other words, they must state a `cause of action' for tort against the tort-feasor, subject to the defense of contributory negligence and the like which the tort-feasor could have pleaded in a suit against him by the decedent during his or her lifetime."[1]
Thus, even though the survivor's action may be termed an independent action, it is nevertheless dependent upon the decedent's having had a cause of action against the defendant had the decedent survived and is subject to any legitimate defense that the defendant would have had against the decedent in a direct lawsuit.
In Shiver, the court permitted a wrongful death action by the mother's survivors against the husband for murdering his wife but only because the defense of interspousal immunity is inapplicable to wrongful death actions because the reason justifying the defense, domestic tranquility, is no longer a valid consideration. Since the wife is dead, the law can do nothing to encourage further domestic tranquility. Clearly, in Shiver, had the wife survived *1044 the attack she would have had a cause of action against her husband subject to the defense of interspousal immunity.[2] Because the court reasoned that since the defense of interspousal immunity would apply only if the wife was able to bring the action, such defense was "personal" to the wife. Therefore, the survivors' right of action could attach to her cause of action. But in the case before us, the wife had no cause of action against Alamo because she and not Alamo entrusted the vehicle to her husband. The dangerous instrumentality law is not a defense personal to the wife; as stated in Raydel, it is the only basis on which a cause of action against Alamo can rest. Thus the wife had no cause of action against Alamo on which to attach the survivors' right of action. I therefore disagree with, and acknowledge conflict with, the court in Enterprise Leasing Co. which treats the dangerous instrumentality law as though it is a defense personal to the wife.
Had the survivors involved in this appeal been directly injured by the negligence of their father, they could have sued their mother and perhaps Alamo based on vicarious liability under the dangerous instrumentality doctrine. Indeed one such child was injured in the accident and his direct action against Alamo survived the court's dismissal and is not now on appeal. The survivors' action under the Wrongful Death Act is not based on their being directly injured by their father's negligent driving; their injuries are indirect and are based on the fact that their father's negligence caused the death of their mother which, in turn, caused damages to them and which occurred after their mother permitted the father to drive the automobile which put him in the position to negligently cause her death.
Even if the survivors have a truly independent action (an action independent of the Wrongful Death Act?), such action requires more than merely showing damages which are different from the decedent's. An independent cause of action also requires an independent duty, breach of duty and proximate cause. What duty did Alamo owe to the survivors which it breached? "You should not have leased that car to our mother making it possible for her to permit our father to drive and negligently kill her." Perhaps. Only time will tell.
NOTES
[1] Toombs also sought damages for the personal injuries of one of the minors. The summary judgment ruling did not affect the personal injury claim of the child.
[2] Toombs also claims summary judgment was improper because there was a factual issue as to whether Julia Studdard was a co-bailee. The facts establishing a bailment, however, are not in dispute. Her name and license number were on the rental agreement and she, along with her husband, drove the car.
[3] While we also disagree with the holding in Alley, the rule of law in that case was nonetheless binding on the trial court. Pardo v. State, 596 So.2d 665, 666 (Fla.1992).
[1] Since the Legislature conditioned this survivor's "right of action" on the decedent's having had a cause of action against the tortfeasor had the decedent survived (a condition recognized in Shiver) and since the supreme court in Raydel stated clearly that a co-bailee cannot state a cause of action against the bailor because she was jointly entrusted with the vehicle, this should end the matter. Enterprise Leasing Co. v. Alley shows that the matter has not ended.
[2] There can be no doubt that in Shiver, the husband owed his wife a duty not to shoot her. He breached this duty by shooting her which proximately caused her death and inflicted pre-death damages on her and post-death damages on her survivors. It was the defense to this cause of action, interspousal immunity, which the court held to be "personal" to the wife. In our case, Alamo had no duty to the wife not to lease the vehicle to her and her husband. Since Raydel holds that the dangerous instrumentality doctrine does not apply in this situation, the wife has no cause of action against Alamo. We are not dealing here with a defense. If we hold that the survivors are not bound by the statutory requirement that the decedent must have been able to state a cause of action against Alamo had she survived in order for their right of action to accrue, then we ignore the clear legislative mandate and substitute this court's will in its stead. Since we do not hesitate to condemn the legislature for encroaching in our backyard, perhaps we should be more cautious in our excursions.