PLEUS, J.
The issue in this case is whether the unattended motor vehicle statute[1] establishes a duty to protect a thief. In this case, a 17-year old girl took the car in which a key was left in the ignition. She then let a 13-year old boy drive the car. The boy lost control of the vehicle and the 17-year old girl and another 14-year old girl were killed in the ensuing accident. The estate of the 17-year old sued the owner and the trial judge granted a summary judgment in favor of the owner of the vehicle.
In granting a summary judgment, the trial judge ruled that the plaintiff was not a member of the class of persons intended to be protected by the unattended motor vehicle statute. We agree with the trial judge and hold that the subject statute does not include in its protected class a person who stole the unattended vehicle.
The 17-year old’s estate admits that in all of the cases that have considered liability under the unattended motor vehicle statute, the protected class has been described as third party members of the public who have been injured as a result of the negligence of the unauthorized user of the unattended vehicle. See, e.g., Vining v. Avis Rentr-A-Car Systems, Inc., 354 So.2d 54, 55 (Fla.1977); Christian v. Overstreet Paving Co., 679 So.2d 839 (Fla. 2d DCA 1996); Clark v. Merritt, 480 So.2d 649 (Fla. 5th DCA 1985). None of the cases have construed the protected class to include the thief himself or herself. The estate attempts to argue that because the Florida statutes and case law are replete with laws which protect minors from their own immature and unwise acts, it would not be inappropriate to exclude, within the protected class, a thief, if the thief happens to be a minor. The estate argues that if an 8 year old happened upon a car with its key in the ignition and was injured in attempting to drive it, there would be no question that the 8 year old could recover. We conclude the 8 year old might recover, *651 perhaps on an attractive nuisance theory, apart and separate from any negligence per se created by the statutory violation.
The basic problem with the estate’s argument is that, while there are numerous areas of the law in which the courts or the legislature have found it necessary to protect a minor from his or her own unwise acts, the act of stealing an unattended car, and being compensated when subsequently injured while using it, is not one of those areas. Compare § 768.125, Fla. Stat. (2000) (prohibiting sales of alcohol to minors and thereby making the minors a part of the protected class for violation of the statute).
As noted in Vining, the duty that arises in the unattended motor vehicle cases is one that extends to members of the public using the highways. Extending that protection to the unauthorized user of the vehicle would be an expansion of the protected class that, we conclude, was not envisioned by the legislature in statutorily imposing the duty to not leave one’s car unattended.
AFFIRMED.
SHARP, W„ and PALMER, JJ., concur.

. Section 316.1975(1), Florida Statutes (2000), provides:
Unattended motor vehicle.—
(1) A person driving or in charge of any motor vehicle may not permit it to stand unattended without first stopping the eti-gine, locking the ignition, and removing the key.... A violation of this section is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.