PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases has submitted a report proposing several amendments to the civil jury instructions as published under this Court’s authority by The Florida Bar. See Fla. R. Civ. P. 1.985. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The proposed amendments were published for comment in The Florida Bar News, and comments were received and considered by the committee prior to the submission of the committee’s report to this Court. The amendments proposed by the Committee are: (1) a new instruction MI 8.1 on negligent supply of false information under section 552 of the Restatement (Second) of Torts (1977), with minor modifications to instruction MI 8 on fraudulent and negligent misrepresentation; and (2) an amended instruction 3.3a on vicarious liability in the context of Florida’s dangerous instrumentality doctrine. Upon consideration of the committee’s report and the comments received, we hereby authorize for publication and use the proposed amendments as set forth in the appendix attached to this opinion. New language is indicated by underlining and deletions are indicated by struck-through type.
In authorizing publication, we caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. The amendments shall be effective when this opinion becomes final. We wish to express our appreciation to the committee for its dedication in presenting its recommendations to the Court.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
APPENDIX
MI 8
FRAUDULENT MISREPRESENTATION NEGLIGENT MISREPRESENTATION (Issues and Elements)
a. Fraudulent misrepresentation — issues:
On (claimant’s) claim for fraudulent misrepresentation, the issues for your determination are:
First, whether (defendant) [intentionally] * made a false statement concerning a material fact;
Second, whether (defendant) knew the statement was false when [he][she][it] made it or made the statement knowing [he][she][it] was without knowledge of its truth or falsity;
Third, whether in making the false statement, (defendant) intended that another would rely on the false statement;
*378 Fourth, whether (claimant) relied on the false statement; and
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.
* The word “intentionally” should be used for clarity when there is also a claim for negligent misrepresentation.
[On this claim for fraudulent misrepresentation, the] ** [The] (claimant) may rely on a false statement, even though its falsity could have been discovered if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he][she][it] knew it was false or its falsity was obvious to [him][her][it].
** The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.
b.Negligent misrepresentation — issues:
On (claimant’s) claim for negligent misrepresentation, the issues for your determination are:
First, whether (defendant) made a statement concerning a material fact that [he][she][it] believed to be true but which was in fact false;
Second, whether, (defendant) was negligent in making the statement because [he][she][it] should have known the statement was false;
Third, whether in making the statement, (defendant) intended [or expected] that another would rely on the statement;
Fourth, whether (claimant) justifiably relied on the false statement; and
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.
c. Material fact:
A material fact is one that is of such importance that (claimant) would not have [entered into the transaction] [acted], but for the false statement.

d. Burden of proof on claim:

If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), [then your verdict should be for (claimant) and against (defendant)] [then you shall consider the defense raised by (defendant) ] (instruct on any pertinent defense).

e. Comparative negligence defense; burden of proof on defense:

1. Comparative negligence defense

On the [first] defense to the claim of negligent misrepresentation, the issues for your determination are whether, under the circumstances, (claimant) was negligent in relying on (defendant’s) statement; and, if so, whether such negligence was a contributing legal cause of any [loss] [injury] [or] [damage] sustained by (claimant).

2. Burden of proof on defense

If the greater weight of the evidence does not support this defense and the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) in the total amount of [his][her][its] damages. However, if the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should de *379 termine what percentage of the total negligence of [both] [all] parties to this action is chargeable to each.

f. “Greater weight of the evidence” defined:

“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.

g. Negligence

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

h. Causation:

* For instruction on causation refer to Instruction 5.1.

i. Damages:

If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for (describe appropriate elements of those damages incurred by claimant as a result of the misrepresentation).

Note on Use

In fraud cases where punitive damages are at issue, First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987), see PD Punitive Damages.

Comments

1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Johnson v. Davis, 480 So.2d 625 (Fla.1985); Lance v. Wade, 457 So.2d 1008 (Fla.1984); Atlantic National Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla.1986); Wallerstein v. Hospital Corp. of America, 573 So.2d 9 (Fla. 4th DCA 1990).
2. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even where an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. Besett v. Basnett, 389 So.2d 995 (Fla.1980).
3. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. Casey v. Welch, 50 So.2d 124 (Fla.1951); Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408 (1930); Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326 (1928); Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc., 362 So.2d 338 (Fla. 4th DCA 1978).
The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla.1987); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla. *380 1982); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989).
4. In Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997), the Supreme Court held that the doctrine of comparative negligence, as codified in § 768.81, Fla. Stat., applied to an action for negligent misrepresentation as set forth in the Restatement (Second) of Torts § 552 (1977), which requires proof of justifiable reliance. Accordingly, the committee has replaced its earlier reference to “reasonable reliance” in these instructions with “justifiable reliance.”
In Gilchrist, the Court further noted that while the Restatement discusses the issue in terms of contributory negligence in section 552A, a majority of the states that have adopted the comparative negligence doctrine and considered the issue agree that comparative negligence principles apply to cases involving negligent misrepresentation. See 696 So.2d at 337. The committee recognizes that a logical tension could exist within a verdict determining that the claimant’s reliance was justifiable, but that the claimant was also comparatively negligent (e.g., in relying on the statement by failing to conduct an adequate investigation). The committee also recognizes that justifiable reliance may involve a subjective standard distinct from the objective standard used in defining reasonable care. Cf. Restatement (Second) of Torts § 545A cmt. b (1977) (“Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases.”) Pending further development of the law, the committee reserves the question of the relationship, if any, between justifiable reliance and comparative negligence.
5. The committee takes no position as to whether there- are two separate and distinct causes of action exist for negligent supply of false information or negligent misrepresentation under the Restatement § 552 and under the common law. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997). The current instruction has not been-amended to conform with section-552 of the Restate-mmt--(Second) of Torts, and-the-standard instruction-may require modification to ac-eurately and sufficiently instruct the jury on-such claims. — Furthermore, subsection 552(2) contains limitations on the scope of liability' for negligent misrepresentation. Subsection 552(8) creates a broader liability for one-who is-under-a public duty to give information. — These subsections are nobincorporated into the standard-instructions and-may-require the use-of additional instructions in the^ circumstances of the action.
MI 8.1
FALSE INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS (Restatement § 552)
a Negligently supplied information — issues:
On (claimant’s) claim for false information negligently supplied for the guidance of others, the issues for your determination are:
First, whether (defendant) supplied false information to (claimant) in the course of (defendant’s) [business], [profession], [employment] [ or] [any transaction in which (defendant) had an economic interest];
Second, whether (defendant) was negligent in [obtaining] [or] [communicating] the false information;
*381 Third, whether (claimant) was a person for whose benefit and guidance (defendant) intended to supply the false information for use in [ (claimant’s) business transaction] [describe specific transaction];
Fourth, whether (defendant) intended the false information to influence (claimant) in this business transaction;
Fifth, whether (claimant) justifiably relied on the false information; and
Sixth, whether (claimant’s) reliance upon the false information caused (claimant) any economic damage.

h Burden of proof on claim:

If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ] (instruct on any pertinent defense).
a Comparative negligence defense; burden of proof on defense:

L Comparative negligence defense

On the [first] defense to the claim of false information negligently supplied, the issues for your determination are whether, under the circumstances, (claimant) was negligent in relying on (defendant’s) false information; and, if so, whether such negligence was a contributing legal cause of any economic damage sustained by (claimant).
£ Burden of proof on defense
If the greater weight of the evidence does not support the defense of (defendant) and the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) in the total amount of [his][her][its] economic damages. However, if the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of economic damage sustained by (claimant), you should determine what percentage of the total negligence of [both] [all] parties to this action is chargeable to each,

ci “Greater weight of the evidence” defined:

“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
a Negligence:
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
£ Causation:
For instruction on causation refer to Instruction 5.1. The phrase “economic damage” should be used in this instruction rather than “loss, injury or damage. ”

Damages:

If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of *382 money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for (describe appropriate elements of those damages incurred by claimant as a result of the false information).

Notes on Use

1. If defenses other than comparative negligence are presented to the .jury, special instructions will be required.
2. One or more issues in 8.1(a) may need to be omitted and the issues renumbered if there is no question of fact for determination by the .jury. For example, when there is a public duty under section 552(3), the third issue may not require .jury determination. A preemptive charge on omitted issues should be given only if required by events during the trial.

Comments

1. The Comments following MI 8 are also relevant to this instruction.
2. This instruction sets forth the essence of a Restatement § 552 claim without incorporating some of the Restatement’s more complex language. For example, this instruction uses the term “economic damage,” rather than the Restatement’s “pecuniary loss.”
3. There may be factual circumstances in a specific section 552 case that are not covered by these standard instructions. For example,' these instructions may require modification if false information was passed on to the plaintiff by a “recipient.” Comment (b) to Section 552 suggests that this section applies to an opinion given upon facts equally well known to both the supplier and the recipient. The committee takes no position upon the application of this section to opinions under Florida law. If the instruction is used in the case of an opinion, it may require modification,
4, The committee takes no position as to whether, after Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla-1997), there are separate and distinct causes of action for negligent misrepresentation and false information negligently supplied.
5. Section 552B of the Restatement describes the damages recoverable for this tort. The elements of recoverable damage inserted into MI 8.1(g) should be written with reference to that section.
3.3
ISSUES AS TO VICARIOUS LIABILITY
The [first] [next] issue for your determination on the claim of (claimant) against (defendant) on account of the alleged negligence of (name) is:
EXAMPLES:
a. Owner, lessee, or bailee or person in control of vehicle driven by another: whether (defendant) was the [owner] [lessee] [or] [bailee] of [owned] [or] [had the -right to control] the vehicle driven by (driver) and whether (driver) was operating the vehicle with the express or implied consent of (defendant). A person who [owns] [is the lessee of] [or] [is the bailee of] ior] [has the right to control] a vehicle and who expressly or impliedly consents to another’s use of it is responsible for its operation.
[An owner of a vehicle is one who has legal title to the vehicle and who has the right of control and authority over its use.]
[A lessee of a vehicle is one who has leased or rented the vehicle from its owner.]
*383 [A bailee of a vehicle is one to whom the vehicle has been furnished or delivered by [its owner] [a person with authority over its use] for a particular purpose, with the understanding that it will be returned.]

Note on use of S.Sa

requirements of § 319.22, Fla. Stat., is not hable for its negligent operation. See Aurbach v. Gallina, supra; Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla.1955). The owner of a vehicle who has leased it to another under a lease for one year or longer, and who has complied with ah the requirements of § 324.021(9)(b)l, Fla. Stat., is not liable for its neghgent operation. See Ady v. American Honda Finance Corp., 675 So.2d 577 (Fla.1996). Additional limitations upon vicarious liability are set forth in §§ 324,021(9)(b) and 324.021(9)(c), Fla. Stat. An owner or lessee who has delivered a vehicle to a repair shop for maintenance is ordinarily not liable for its neghgent operation during servicing, service-related testing, or transport of the vehicle by the bailee. See Michalek v. Shumate, 524 So.2d 426 (Fla.1988); Castillo v. Bickley, 363 So.2d 792 (Fla.1978). Although an owner is hable for a personal injury negligently inflicted by a bailee upon a third party, an owner is not liable for a personal injury negligently inflicted by a bailee The general rules stated above will be appropriate in most cases in which there is an issue concerning the status of a defendant under Florida’s “dangerous instrumentality” doctrine. See generally Aurbach v. Gallina, 753 So.2d 60 (Fla.2000). They are subject to a number of exceptions, however. For example, the owner of a vehicle who has delivered possession of it to another under a conditional sales contract, and who has comphed with all the (Fla.1977). upon a co-bailee. See Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965); May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla.1955). There is a split of authority as to whether an owner is liable to the survivors of a co-bailee for a wrongful death negligently inflicted by a bailee upon the co-bailee. Compare Enterprise Leasing Co. v. Alley, 728 So.2d 272 (Fla. 2d DCA), review denied, 741 So.2d 1135 (Fla.1999), with Toombs v. Alamo Rent-A-Car, 762 So.2d 1040 (Fla. 5th DCA 2000), review pending. And proof of express or implied consent is not required where an unattended vehicle has been stolen because the owner left the keys in the ignition. See Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54
Other exceptions may exist for which special instructions may be required. See generally 4A Fla. Jur.2d, Automobiles and Other Vehicles, §§ 667-91. The instruction may also have to be tailored to fit the particular factual circumstances of the case.

Comment on S.Sa

Dangerous instrumentality. The committee recommends that the court not charge the jury that an automobile is a “dangerous instrumentality,” such a charge being unnecessary and essentially argumentative.
THE REMAINDER OF INSTRUCTION 3.3 IS RETAINED IN ITS PRESENT FORM.